# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | NO. 2:19-cr-00010 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| GILBERT R. GHEARING | ) | |

## ORDER

After several continuances, the trial in this matter, which was expected to last 4-5 weeks, was set to begin September 6, 2022. (*See* Order, Doc. No. 87). On August 22, 2022, the parties jointly requested an emergency telephone status conference, which the Court held the same day. (Doc. Nos. 145, 146). During the status conference, the Government stated that it had discovered some discrepancies in the medical files suggesting Dr. Ghearing may have altered some of the records in the medical records database. The Government stated that it was continuing to investigate this issue. At the time of the call, counsel for Dr. Ghearing had been provided specific information and examples of the documents which raised the Government's concern, but had not had an opportunity to review the documents or investigate the irregularities. To allow the parties time to investigate the issues raised during the conference, with the agreement of the parties, the Court continued the trial and pretrial conference one week to September 13, 2022, and September 6, 2022, respectively. (Doc. No. 147).

Following the Court's ruling on the parties' written motions in limine and pretrial motions, which are summarized at the conclusion of this Order, the Government asked whether it would be entitled to use evidence of the altered medical records in its case-in-chief as evidence of intent and consciousness of guilt. The Government explained that in the two weeks following the August 22,

2022 status conference, it discovered information demonstrating that, during one week in December 2019 and January 2020, Dr. Ghearing logged into the electronic medical records system and altered the records of the seven indictment patients in at least 35 places, affecting 16 counts of the Indictment. The Government added that, when Dr. Ghearing was making changes to the medical records, he was aware that the Government was continuing to investigate and considering superseding the Indictment. Ultimately, the Government elected not to supersede because the grand jury did not convene for a period of time due to the COVID-19 pandemic.

Defendant appears to concede that the medical records were altered after the Government obtained the records pursuant to a search warrant and subpoena in the spring of 2019. (Transcript, Sept. 6, 2022, Doc. No. 152 at 49:22-24). He argued that the Government should not be permitted to use evidence that Dr. Ghearing altered the records because the alteration did not change the evidence the Government had in its possession from the beginning, it occurred significantly after the charged conduct, and there is no prejudice to the Government to proceeding with the case using the original medical records obtained pursuant to the search warrant.

The Government stated that it first became aware that there were different sets of medical files when preparing trial in the summer of 2021. The parties were attempting to create a joint exhibit and discovered differences between the documents the Defendant proposed and the Government's set of records. At the time, the Government did not know what was causing the discrepancies, apparently suspecting a technical glitch. The parties agreed that the best course of action was to obtain a new set of records from the electronic medical records company eClinical Works. To allow time to obtain and review a new set of records, the parties jointly requested a continuance of the trial, which the Court granted, continuing the trial from September 7, 2021, to

April 5, 2022. (*See* Doc. Nos. 70, 74). At the Government's request, the trial was subsequently continued to September 6, 2022, to allow the parties and the Court the benefit of the Supreme Court's decision in *Ruan v. United States*, No. 20-1410, and *Kahn v. United States*, No. 21-5261. (Doc. No. 78).

The Government received the newly requested set of records in October 2021. At that point, the Government had medical records from the 2019 search warrant, medical records from a subpoena to eClinical Works in May 2019, a set of records that were provided to the Government by counsel for the Defendant during preparation for trial in the summer of 2021, and the new set of records received from eClinical Works in October 2021.

The Government acknowledged that it had all sets of records since at least October 2021, more than 10 months before the trial date. The Court found that it would be prejudicial to Dr. Ghearing to allow the Government to present evidence concerning alteration of electronic medical records that took place well after the charged conduct and was only brought to light weeks before trial. Although the Government stated that it had examples of the altered records, it did not request a formal offer of proof or a continuance of the trial. Without seeking to present an offer of proof, the Government did not explain whether additional witnesses would be called at trial to establish the alleged alterations or whether expert testimony was needed concerning computer forensics. Given the age of this case, the multiple continuances, some of which involved confusion over medical records, and the length of time the Government had the allegedly altered records in its possession before trial, the Court was not persuaded that the proof the Government sought to introduce should be allowed. Simply put, the Court concluded that this circumstance was avoidable had the Government not waited until the week before trial to seek the introduction of these records.

3

Accordingly, the Court held that the altered medical records would not be admitted at trial and that the parties would try the case using the set of medical records the Government had when Dr. Ghearing was indicted in June 2019.

With regard to the parties' motions in limine and pretrial motions which were timely filed in advance of the pretrial conference, for the reasons stated on the record during the pretrial conference, the Court decided as follows:

1. The United States' Motion in Limine No. 1 to Allow Admission of Evidence as Intrinsic or 404(b) (Doc. No. 98) is GRANTED. However, the Court will consider contemporaneous objections to specific evidence during the trial.

2. The United States' Motion in Limine No. 2 to Limit Testimony of Defense Expert James Patrick Murphy (Doc. No. 103) is GRANTED in part, and DENIED in part. Dr. Murphy should limit his testimony to the time period at issue in this case, refrain from discussing whether certain conduct is lawful or unlawful, and refrain from discussing law enforcement and charging decisions. The remaining areas of Dr. Murphy's testimony are subject to contemporaneous objections.

3. The United States' Motion in Limine No. 3 to Allow Admission of Statements as Non-Hearsay or as Permissible Hearsay (Doc. No. 105) is DENIED without prejudice. The parties may seek to admit relevant evidence, and the Court will consider contemporaneous objections during the trial.

4. The United States' Motion in Limine No. 4 to Preclude Attacks on Prosecutorial Discretion or Argue Jury Nullification (Doc. No. 108) is GRANTED in part, and DENIED in part. Argument and evidence regarding the Government's charging decisions should not be presented

to the jury. The motion is denied without prejudice to raising contemporaneous objections with regard to evidence related to Dr. Ghearing's medical judgment and his awareness of medical standards. The motion is denied as to evidence concerning Dr. Ghearing's military service as background. The Court will entertain contemporaneous objections if evidence of military service is offered for another purpose.

5. The United States' Motion in Limine No. 5 to Exclude Evidence or Argument Related to Any Changes in Regulations During the COVID-19 Public Emergency or Changes to Laws or Guidelines (Doc. No. 109) is GRANTED.

6. The United States' Motion in Limine No. 6 to Exclude Evidence of Non-Criminal Conduct (Doc. No. 110) is DENIED without prejudice to raising contemporaneous objections during the trial.

7. The United States' Motion in Limine No. 7 to Exclude References to Legal Standard (Doc. No. 111) is GRANTED with the understanding that the parties may cite the language directly from a relevant statute and/or regulation.

8. The United States Motion in Limine No. 8 to Preclude Defendant from Making Any Selective or Vindictive Prosecution Arguments at Trial (Doc. No. 112) is GRANTED with the caveat that if the evidence develops in such a way that charging decisions are relevant to the cross-examination of a particular witness, Defendant may request a side-bar to request an exception to this general prohibition.

9. The United States' Motion in Limine No. 9 to Exclude Certain Categories of Evidence (Doc. No. 113) is DENIED without prejudice to raising contemporaneous objections during the trial.

10. The Court defers ruling on the United States' Motion in Limine to Exclude Testimony of Michael W. Staples (Doc. No. 152). On or before September 6, 2022, Defendant may supplement his Rule 16 disclosure regarding Mr. Staples' anticipated testimony. If, after receiving Defendant's supplement, the Government still seeks to challenge the admissibility of Mr. Staples' testimony, the Court will hold a *Daubert* hearing the afternoon of September 22, 2022.

11. Defendant's Motion in Limine No. 1 to Exclude Expert Edwards (Doc. No. 101) is DENIED.

12. Defendant's Motion in Limine No. 2 to Exclude Experts (Doc. No. 102) is DENIED with respect to the testimony of Stephen Quindoza and Johanna Sullivan, and DENIED without prejudice to raising contemporaneous objections with regard to testimony of Joshua Bazuin and Lisa Livingstone.

13. Defendant's Motion in Limine No. 3 to Exclude Lay Witness Testimony (Doc. No. 104) is DENIED without prejudice to raising contemporaneous objections during the trial.

14. Defendant's Motion in Limine No. 4 to Exclude Deceased Patients (Doc. No. 106) is DENIED without prejudice to raising contemporaneous objections during the trial.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE