UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA        )
                                )    NO. 2:19-CR-00010
        v.                      )
                                )    JUDGE CAMPBELL
GILBERT R. GHEARING             )

## UNITED STATES' MOTION TO ADMIT EVIDENCE

The United States of America, through the United States Attorney for the Middle District of Tennessee, and Sarah K. Bogni and Juliet Aldridge, Assistant United States Attorneys, hereby moves the Court for an indicative ruling on the admissibility of evidence in this matter. In support of such motion, the United States submits the following:

On September 7, 2022, the United States filed a Notice of Appeal of the Court's Order excluding any evidence at trial of Defendant's alteration of medical records for patients in the indictment that the United States intended to introduce in its case-in-chief as evidence of consciousness of guilt as to the Sixty-One charged counts of health care fraud, 18 U.S.C. § 1347, and drug distribution by a medical professional, 21 U.S.C. § 841(a)(1). (DE# 153, Not. of Appeal; DE# 155, Status Conf. Tr., #991; DE# 152, Pretrial Conf. Tr., #955, 961-63; DE# 157, Order).

On September 12, 2022, the Court entered an Order staying this matter pending resolution of the United States' appeal. (DE# 159). The appeal is docketed at the Sixth Circuit Court of Appeals at Case No. 22-5787, *United States v. Gilbert Ghearing*.

On October 17, 2022, a Grand Jury returned a Superseding Indictment, charging Defendant with obstruction under 18 U.S.C. § 1503 and 18 U.S.C. § 1519, related to the alterations of the medical records for the seven patients in the June 12, 2019, indictment and continued obstructive conduct through the discovery of the alterations by the United States in August 2022. (DE# 164).

The evidence of alterations to the medical records and ongoing obstructive conduct—including providing the United States with a medical expert report based on altered and falsified medical records—is admissible to prove the obstruction charges at counts Sixty-Two and Sixty-Three. *See, e.g.*, *United States v. Rozin*, 664 F.3d 1052, 1063 (6th Cir. 2012) ("Because the disputed evidence directly addressed charges in the indictment and elements of the crimes with which Rozin was found guilty, Rule 404(b) does not apply and thus the district court correctly found that the evidence was admissible."); *United States v. Johnson*, 581 F.3d 320, 327 (6th Cir. 2009) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis.").

In addition, the evidence of the alterations and ongoing obstructive conduct is admissible to prove the other Sixty-One counts of health care fraud and drug distribution. "The behavior of a defendant after a crime may be circumstantial evidence of guilt and thus of the crime itself." 2A FED. PRAC. & PROC. § 411.5 As the Sixth Circuit's Pattern Jury Instructions note, "Spoliation of evidence is admissible to show consciousness of guilt.  The fact that a defendant attempts to fabricate or conceal evidence indicates a consciousness that his case is weak and from that the defendant's guilt may be inferred." Sixth Cir. Pattern Jury Instr. 7.14, Committee Commentary (citing *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986); *United States v. Franks*, 511 F.2d 25, 36 (6th Cir. 1975)); *see also United States v. Maddox*, 944 F.2d 1223, 1230 (6th Cir. 1991) ("[S]poliation evidence . . . is generally admissible because it is probative of consciousness of guilt."). Moreover, "'[b]ecause spoliation evidence tends to establish consciousness of guilt without any inference as to the character of the spoliator, its admission does not violate Rule 404(b).'" *United States v. Cordero*, 973 F.3d 603, 619 (6th Cir. 2020) (quoting *Mendez-Ortiz*, 810

F.2d at 79); *see also United States v. Snyder*, 789 F. App'x 501, 511 (6th Cir. 2019) ("Evidence tampering is potentially admissible as a prior bad act under Rule 404(b), as long as it is offered to show 'consciousness of guilt' and not as character evidence.").

The evidence is relevant and properly admissible and thus should be admitted in this matter as to all counts in the Superseding Indictment. *See United States v. Martinez*, 921 F.3d 452, 476 (5th Cir. 2019) (holding, in a case charging doctors with conspiracy to commit healthcare fraud, that "the destruction of the patient files reflects flight and concealment, both of which are evidence of consciousness of guilt and therefore evidence of guilt itself," given that "the jury could take into account the destruction of the files in determining whether claims for those patients were fraudulent" (quotations omitted)).

Although the filing of a Notice of Appeal generally "divests the district court of its control over those aspects of the case involved in the appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), this Court may issue an indicative ruling stating that "it would grant the motion or that the motion raises a substantial issue" once jurisdiction returns to the Court. Fed. R. App. P. 12.1. Such an indicative ruling would be appropriate here, as a decision to admit the previously excluded evidence would likely obviate the need to litigate the appeal. *See, e.g., United States v. Walls*, 2020 WL 1970537 (6th Cir. Apr. 23, 2020) (remanding case and dismissing appeal in light of indicative ruling).

The United States therefore respectfully requests that the Court issue an indicative ruling stating that it would grant this motion to admit the evidence of the alterations as proof of all Sixty-Three counts of the Superseding Indictment.  The United States also requests that the Court order

Defendant to file an expedited response to this Motion, if Defendant is inclined to respond.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney for the
Middle District of Tennessee

*/s Sarah K. Bogni*
SARAH K. BOGNI
JULIET ALDRIDGE
Assistant U.S. Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Fax: (615) 401-6626
Email: sarah.bogni@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF THE SERVICE

I certify that a copy of the was served electronically, via ECF, this 18th day October, 2022, upon the following:

Ronald W. Chapman II
1441 West Long Lake Road, Ste 310
Troy, Michigan 48098
248-644-6326
rwchapman@chapmanlawgroup.com

Meggan B. Sullivan
424 Church Street
Suite 2000
Nashville 37219
615-457-0449
megganbsullivan@gmail.com

s/Sarah K Bogni
SARAH K. BOGNI
Assistant U.S. Attorney