# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:19-cr-00010
District Judge William L. Campbell, Jr.

GILBERT R. GHEARING

## DEFENDANT'S RESPONSE TO DOCKET NO. 166

COMES NOW, Gilbert R. Ghearing, M.D., by and through his retained counsel Ronald W. Chapman II and Meggan Sullivan and in his response to the Government's Motion to Admit Evidence states as follows.

## INTRODUCTION

We can now be absolutely certain that the Government filed an interlocutory appeal specifically for the purpose of suspending trial, denying Dr. Ghearing of a speedy trial and seeking a superseding indictment. The Government's conduct is reprehensible, a violation of the Constitution and predicated on a false statement made to this Court and the Sixth Circuit Court of Appeals – that the appeal was not for the purposes of delay. The Government's instant motion for an "indicative" ruling is its attempt to tactically abandon its appeal without giving the appearance that its interlocutory appeal was taken for the sole purpose of obtaining additional time to indict Dr. Ghearing. This Court should deny the Government's invitation to take part in its carefully crafted trampling of Dr. Ghearing's rights.

## BACKGROUND

After the Government obtained a continuance, as a result of the pending United States Supreme Court case, *Ruan v. United States*, trial was set to begin on September 6, 2022, *See* Order,

Doc. No. 87. On September 6, 2022, all parties gathered for a Final Pretrial Conference to address pending motions in *limine* for trial beginning on September 13, 2022. Counsel relocated across state lines to prepare for trial, the Court cleared its schedule, witnesses were subpoenaed, and a tremendous amount of time and money were exhausted with the hope that this case would finally come to a conclusion. During its final breaths at the Final Pretrial Conference, the Government addressed an "elephant in the room". There was no elephant, at least not one presented based on a timely motion in *limine* with sufficient time for the Defendant to prepare a response. Recall, the Government sought a continuance to address this very issue and did nothing.

At the final stages of the final pretrial conference, the Government made an oral motion to admit evidence that Dr. Ghearing "altered records". Ambushing the Defendant with its motion, it made no offer of proof showing the alterations, the falsity of the alternations or that the alterations resulted in any sort of obstruction. The Government had the records in question since at least October 2021, more than ten (10) months before the trial date. This Court denied the Government's motion to introduce evidence of alteration on September 8, 2022. *See* Order, Doc. No. 158. The Government filed an interlocutory appeal on September 8, 2022, and certified to the Court that the appeal was <u>not for the purpose of delay</u>. Based on the Government's conduct during the final pretrial conference– we all knew different. The Superseding Indictment was filed on October 17, 2022, prior to briefing on its interlocutory appeal, and immediately after, the Government filed a motion for an "indicative ruling" attempting to "moot" its appeal and remand for trial now with a clear shot at introducing the evidence it was prevented from introducing after this Court's final pretrial ruling. The Government has engaged in gamesmanship in violation of Dr. Ghearing's speedy trial rights.

## I. The District Court Is Divested Of Jurisdiction During The Pendency Of An Appeal And Fed. R. App. P. 12.1 Is Inapplicable

### a. Interlocutory Appeals Generally

Interlocutory appeals in criminal cases are disfavored. Nonetheless, a filing of an interlocutory appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. 18 U.S.C. § 3731. As a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal. *United States v. Carman*, 933 F.3d 614, 67 (6th Cir. 2019).

Nonetheless, the Government has decided to ignore its own stay – which prevented Dr. Ghearing from having a speedy trial – and issue a superseding indictment as well as a belated motion to admit evidence. Doc. No. 159. This is no doubt an effort to supplement the record which is entirely undeveloped on appeal and to render its appeal moot after it performed an "end around" this Court and now the Sixth Circuit. As the Court certainly recalls, the Government's interlocutory appeal was not from a motion in *limine* properly before the court but rather a last-minute utterance at the final moments of a final pretrial conference days before trial. When denying the Government's request, the Court decided this maneuver was an unfair surprise to the defendant and lacked a motion in *limine*. The Government has no record on appeal and now it is improperly attempting to manufacture one in clear violation of 18 U.S.C. § 3731. The Court must strike Doc. No's. 166 and 165 to prevent perversion of the record before the Sixth Circuit decides the interlocutory appeal.

### b. Fed. R. App. P. 21.1 Is Expressly Not Applicable to These Circumstances

Fed. R. Crim. P. 37 governs "indicative rulings" in Federal Criminal Cases. Citing Fed. R. App. P. 12.1, the Government claims that the Court may issue an indicative ruling stating that "it

would grant the motion or that the motion raises a substantial issue" once jurisdiction returns to the Court. Fed. R. App. P. 12.1. However, the Government failed to inform the Court that Rule 12.1 and Fed. R. Crim. P. 37 must be limited to newly discovered evidence motions under Criminal Rule 33(b)(1), reduced sentence motions under Criminal Rule 35(b), and motions under 18 U.S.C. § 3582 (*See United States v. Chronic*, 466 U.S. 648, 667 n.42 (1984), *See also*, Fed. R. 12.1 *2011 Committee Notes*. This case presents none of the limited criminal uses of 12.1 and 37 and the Government's position is without support and flies in the face of the explicit language of the committee notes. There is no rule permitting the Government to seek an advisory district court opinion to further develop an undeveloped record on appeal. The Government's request for an indicative ruling should be denied.

WHEREFORE Defendant Gilbert R. Ghearing, by and through his undersigned counsel, respectfully requests that this Honorable Court DENY the Government's motion.

                                                    Respectfully Submitted,
                                                    CHAPMAN LAW GROUP

Dated: October 28, 2022                    /s/ *Ronald W. Chapman II*
                                                    Ronald W. Chapman II, Esq., LL.M.
                                                    Michigan Bar No. P73179
                                                    *Counsel for Defendant Ghearing*
                                                    1441 West Long Lake Road, Ste 310
                                                    Troy, MI 48098
                                                    T: (248) 644-6326
                                                    RWChapman@ChapmanLawGroup.com

Dated: October 28, 2022                    /s/ *Meggan B. Sullivan*
                                                    Meggan B. Sullivan, Esq.
                                                    Tennessee Bar No. 33067
                                                    *Counsel for Defendant Ghearing*
                                                    424 Church Street, Ste. 2000
                                                    Nashville, TN 37219
                                                    T: (615) 457-0449
                                                    MSullivan@ ChapmanLawGroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the parties involved.

>/s/ *Ronald W. Chapman II*
>Ronald W. Chapman II, Esq., LL.M.
>Michigan Bar No. P73179
>*Counsel for Defendant Ghearing*
>1441 West Long Lake Road, Ste 310
>Troy, MI 48098
>T: (248) 644-6326
>RWChapman@ChapmanLawGroup.com