UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 2:19-CR-00010 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| GILBERT R. GHEARING | ) | |

### UNITED STATES' REPLY IN SUPPORT OF
### MOTION TO ADMIT EVIDENCE

The United States of America, through the United States Attorney for the Middle District of Tennessee, and Sarah K. Bogni and Juliet Aldridge, Assistant United States Attorneys, submits this reply in support of its request for an indicative ruling on the motion to admit evidence. (DE# 166, Motion.) The defendant has filed a response in opposition. (DE# 168, Response.) The United States submits this reply to address three points.

First, the defendant's baseless accusations of misconduct and intentional delay rest on a mischaracterization of the record. Trial in this case has been delayed for one reason: the defendant materially altered his electronic medical records post-indictment, and then failed to disclose those alterations to the United States or the Court, even after a purported problem with the initial discovery required the electronic medical records to be reissued from the records provider. The United States then prepared for trial under the mistaken but reasonable belief that the reissued electronic medical records were identical to the records that existed at the time of indictment. Meanwhile, defense counsel provided the altered records to the defense expert, who relied on the alterations in preparing his expert report. Had the obstructive alterations never occurred, or had they been disclosed by the defendant in a timely manner, trial would have proceeded as scheduled.

1

Instead, the United States discovered the alterations in the final phase of trial preparation. At that point, the United States promptly notified the Court and defense counsel, making clear at the emergency status conference that followed that it "intend[s] to use the evidence in our . . . case in chief." (DE# 155, Status Conf. Tr., #991.)[1] The United States then worked diligently to be ready to try the case beginning on September 13, 2022. When the Court excluded the evidence, the United States filed a notice of appeal, not for the purpose of delay, but because it respectfully disagreed with the ruling and believed that the evidence in question constituted "substantial proof of a fact material in the proceeding." *See* 18 U.S.C. § 3731. If the Court denies the pending motion to admit, the United States intends to pursue the appeal because it respectfully maintains that the obstructive alterations are admissible, highly probative, and should be presented to the jury. If, however, the Court grants the pending motion, that decision could moot the need to litigate the appeal and would result in the case being tried much *sooner* than the alternative. As such, the defendant's baseless accusations of intentional delay are unfounded.

Second, the defendant is mistaken when he suggests that the notice of appeal precluded the grand jury from returning a superseding indictment. The defendant cites no rule or case law in support of this proposition. And case law is replete with examples in which precisely this scenario has occurred.[2]

---

[1] The defendant criticizes the United States for failing to file a motion in limine to admit the evidence. In light of the United States' clear statement that it intended to introduce the evidence, a motion in limine from the defense to *exclude* the evidence would have been more in keeping with standard practice in this district. In any event, this procedural complaint is irrelevant, as the issue was presented to the Court, and it determined that the evidence would not be admitted at trial.

[2] For examples of cases noting the return of a superseding indictment while an appeal was pending, see, e.g., *United States v. Bass*, 460 F.3d 830, 833 (6th Cir. 2006) ("While the interlocutory appeal was pending, the government issued a third superseding indictment . . . ."); *United States v. Mendez*, 28 F.4th 1320, 1324 & n.2 (9th Cir. 2022); *United States v. Powers*, 168 F.3d 943, 948 (7th Cir. 1999); *United States v. Lee*, 622 F.2d 787, 789 (5th Cir. 1980); *United States v. Barnaby*, 2021

Third, the defendant is mistaken when he asserts that the Rules preclude an indicative ruling in this context. The defendant cites the advisory committee notes—and their citation of *United States v. Chronic*, 466 U.S. 648, 667 n.42 (1984)—for the proposition that "Rule 12.1 and Fed. R. Crim. P. 37 *must* be limited to newly discovered evidence motions under Criminal Rule 33(b)(1), reduced sentence motions under Criminal Rule 35(b), and motions under 18 U.S.C. § 3582." (DE# 168, Response, #1097 (emphasis added).) In fact, the advisory committee notes reflect a principle of flexibility, rather the adoption of any rigid or exclusive categories, and is designed to be "helpful when relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Fed. R. App. P. 12.1, advisory committee notes. As the notes explain, "[t]his new rule corresponds to Federal Rule of Civil Procedure 62.1, which adopts *for any motion* that the district court cannot grant because of a pending appeal the practice that most courts follow when a party moves under Civil Rule 60(b) to vacate a judgment that is pending on appeal." *Id.* (emphasis added). As the notes further explain, "[t]he rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of jurisdiction," and Rule 12.1 "does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal." *Id.*

Moreover, although the advisory committee notes list three categories of motions in which indicative rulings will often occur in the criminal context, they note that these categories are merely what "the Committee *anticipates* that Rule 12.1 will be used *primarily* if not exclusively for." *Id.* (emphasis added). Nothing in the Rule purports to preclude district courts from issuing indicative rulings in response to other motions that the court may lack jurisdiction to grant. *See, e.g.*, 11 Fed.

---

WL 2895648, at *2 (E.D.N.Y. July 8, 2021); *United States v. Romero*, 1993 WL 485677, at *2 (S.D.N.Y. Nov. 22, 1993); *United States v. Hawes*, 774 F. Supp. 965, 968 (E.D.N.C. 1991).

3

Prac. & Proc. Civ. § 2911 (3d ed. 2022) (noting that "parties may seek an indicative ruling on matters other than Rule 60(b) rulings"); *Lee v. Mike's Novelties, Inc.*, 608 F. App'x 946, 947 (Fed. Cir. 2015) (discussing an indicative ruling reaffirming the denial of attorney's fees in light of intervening Supreme Court precedent).

In sum, the defendant's accusations of misconduct are contrary to the record; his suggestion that the notice of appeal precluded the return of a superseding indictment is mistaken; and his cramped reading of Rule 12.1 is erroneous. As such, the United States respectfully requests that the Court issue an indicative ruling stating that it would grant the motion to admit evidence of the alterations as proof of all Sixty-Three counts of the Superseding Indictment.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney for the
Middle District of Tennessee

*/s Sarah K. Bogni*
SARAH K. BOGNI
JULIET ALDRIDGE
Assistant U.S. Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151
Fax: (615) 401-6626
Email: sarah.bogni@usdoj.gov

*Counsel for the United States*

**CERTIFICATE OF THE SERVICE**

      I certify that a copy of the was served electronically, via ECF, this 1st day of November, 2022, upon the following:


Ronald W. Chapman II
1441 West Long Lake Road, Ste 310
Troy, Michigan 48098
248-644-6326
rwchapman@chapmanlawgroup.com

Meggan B. Sullivan
424 Church Street
Suite 2000
Nashville 37219
615-457-0449
megganbsullivan@gmail.com

                                                s/Sarah K Bogni
                                                SARAH K. BOGNI
                                                Assistant U.S. Attorney