# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **NO. 2:19-cr-00010** |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **GILBERT R. GHEARING** ) | |

## ORDER

Pending before the Court is the United States' Motion to Admit Evidence. (Doc. No. 166). Defendant filed a Response (Doc. No. 168), and the United States filed a Reply (Doc. No. 169).

This case is currently stayed pending appeal of the Court's Order excluding evidence at trial of Defendant's alteration of medical records. (Doc. No. 159). On October 17, 2022, while the case was on appeal, a Grand Jury returned a Superseding Indictment charging Defendant with obstruction under 18 U.S.C. § 1503 and 18 U.S.C. § 1519, related to alteration of medical records and continued obstructive conduct. (Doc. No. 164). Through the instant motion, the United States seeks an indicative ruling stating that once jurisdiction returns to the Court, it will grant the motion to admit evidence of the alteration of medical records as proof of all sixty-three counts of the Superseding Indictment. In light of the new charges in the Superseding Indictment, the Motion to Admit Evidence is **GRANTED** as follows:

Pursuant to Federal Rule of Criminal Procedure 37, once jurisdiction returns to the Court, the Court will grant the motion to admit evidence of Defendant's alleged alteration of medical records and continued obstructive conduct as evidence relevant to the obstruction charges in Counts Sixty-Two and Sixty-Three of the Superseding Indictment, subject to the Rules of

Evidence regarding expert testimony, authentication, hearsay, etc.

The United States argues the same evidence is relevant to the health care fraud and drug distribution charges in Counts One through Sixty-one as circumstantial evidence of guilt. Because the evidence is relevant to the obstruction charges, the question is not whether the evidence may be presented to the jury, but whether to provide a limiting instruction. The Court finds this decision is best made upon full consideration of the evidence as it develops during the trial. Accordingly, the Court will reserve ruling on the admissibility of the same evidence as to the health care fraud charges in Counts One through Sixty-one.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE