**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **NO. 2:19-cr-00010** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **GILBERT GHEARING** | ) | |

**ORDER**

On September 7, 2022, the Government filed notice of appeal of the Court's evidentiary ruling, and this case was stayed pending resolution of the appeal. (*See* Doc. Nos. 153, 158, 159). On January 10, 2023, the Sixth Circuit dismissed the appeal. (Doc. No. 173). The Court held a status conference on January 30, 2023, to discuss setting the case for trial. Counsel for the United States and counsel for Defendant stated that they were prepared to proceed to trial at the Court's convenience. The Court ordered the parties to provide notice of proposed trial dates. (Doc. No. 179). Defendant responded that he is available for trial up to April 5, 2023, or any date in September 2023. (Doc. No. 180). The Government confirmed that it is available for trial at a time convenient for the Court and Defendant, except that counsel for the Government has a trial set to begin March 14, 2023. (Doc. No. 181). The Government also requested the Court set the trial in Cookeville for the convenience of the witnesses. (*Id.*). Defendant opposes holding the trial in Cookeville. (Doc. No. 182).

In consideration of the parties' available trial dates and representations that they are prepared for trial, the trial is set for February 14, 2023, at 9:00 a.m. Per the Court's standard practice, the trial will take place at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, in Courtroom 6-D. *See* LCrR 18.01 ("All criminal cases in the District will be tried in the Nashville Division unless the trial judge transfers the case to another

division"). The Court will hold a pretrial conference on February 9, 2023, at 2:30 p.m. All lawyers who will participate in the trial must attend the pretrial conference.

The Court concludes that the period of delay occasioned by continuing the trial is reasonable and excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.* The time between the previously scheduled trial date and the trial date set by this Order is excludable under 18 U.S.C. § 3161(h)(1)(C) (excluding delay resulting from interlocutory appeal).

The parties filed pretrial motions and motions in limine in anticipation of previously scheduled trial dates. No later than February 7, 2023, the parties may file motions concerning matters not previously addressed. If they have not already done so, the parties shall ensure expert disclosures conform to the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) (as amended effective December 1, 2022) and shall provide necessary updates to expert disclosures by February 7, 2023.

Two motions filed in anticipation of the September 2022 trial date remain pending on the docket. The first is Defendant's motion concerning the admissibility of 404(b) evidence (Doc. No. 107). Although the motion is still reflected as "pending," the subject to the motion was resolved by the Court's granting the Government's motion to admit 404(b) evidence. (*See* Order, Doc. No. 157 (granting Government's Motion to Allow Admission of Evidence as Intrinsic or 404(b) subject to contemporaneous objections at trial)). Accordingly, the Defendant's Motion to Exclude the Governments' Evidence Under 404(b) (Doc. No. 107) is **DENIED**, without prejudice to raising contemporaneous objections at trial.

The second motion that remains pending is the Government's Motion to Exclude Testimony of Defense Witness Michael W. Staples (Doc. No. 96). The Court ordered that Defendant may supplement his Rule 16 disclosure regarding Mr. Staples' anticipated testimony.

(Doc. No. 157). The Court stated that if the Government still sought to challenge the admissibility of Mr. Staples' testimony, it would hold a *Daubert* hearing. This order remains unchanged except that Defendant may update the expert disclosure by the date set in this Order, February 7, 2023, and the *Daubert* hearing, if necessary, will be rescheduled.

Any motion to continue the trial shall be filed by February 8, 2023, and any response shall be filed by the following day. All motions to continue filed by Defendant shall be accompanied by a Waiver of Speedy Trial Rights executed by Defendant or shall contain an explanation of why such Waiver is not attached.

The parties are forewarned that motions filed after the deadlines set forth herein may not be considered by the Court. Counsel for the parties shall comply timely with the discovery and motion provisions of L.Cr.R. 12.01 and 16.01.

Defendant shall attend all court proceedings in this case.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

3