IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO.: 2:19-cr-00010 |
| v. ) | JUDGE WILLIAM L. CAMPBELL |
| ) | |
| GILBERT GHEARING | |

**DEFENDANT'S MOTION FOR EARLY JENCKS**

Comes now Defendant Gilbert Ghearing, by and through his counsel Meggan Bess Sullivan and Ronald W. Chapman, II, and hereby requests this Court enter an order directing the Government to produce Jencks material. In support thereof, Defendant states as follows:

Early disclosure of *Brady/Giglio* and *Jencks* should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. See The American Bar Association Standards for Criminal Justice 11-22 (The Prosecution Function) (1980). Jencks Act material should be provided to the defense so as to furnish Dr. Ghearing with sufficient time to examine and utilize this material in a meaningful manner before and during trial. Considering the Government has had the defense exhibits and witness list since the last scheduled trial and has not produced their exhibits to the defendant, fair play suggests the Government be required to produce their exhibits and Jencks material now as opposed to later. While in possession of the defense material, the Government knew they had no intention of proceeding to trial in September, 2022 and instead filed an interlocutory appeal.

It is clear, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure, and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2.

Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. Compare Fed. R. Crim. P. 26.2 with 18 U.S.C. § 3500(a).

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of Jencks material. Fed. R. Crim. P. 26.2(d). That section states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, § 11-2.2; see, e.g., United States v. Tarantino, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980); United States v. Poindexter, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

Here, in order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendant, the defense will require obtaining the Jencks material well before the jury is sworn. Providing materials one day or even one week before trial begins does not afford a reasonable opportunity to examine and digest the documents. Again, due to gamesmanship, the Government has been afforded the opportunity to have defense documents for six months now. Given that this trial is expected to take four weeks, the recesses which will be required by defense counsel will substantially delay what promises to be an already protracted

proceeding. In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice the defendants' Fifth and Sixth Amendment rights because he and his counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial.

The remedy is obvious. For as the Sixth Circuit has noted, it is not uncommon, particularly in cases where there are many statements or where the bulk of witness statements is large for the government to agree or for the court to order early disclosure of <u>Jencks</u> material.

Accordingly, the defendant requests that the government be ordered to disclose all Jencks material on or before February 7, 2023 by close of business.

DATE: February 6, 2023 RESPECTFULLY SUBMITTED,

*/s/ Meggan B. Sullivan*
Meggan B. Sullivan
Tennessee Bar No. 33067
Counsel for Defendant Ghearing
424 Church Street
Suite 2000
Nashville, TN 37209
T: (615) 457-0449
msullivan@chapmanlawgroup.com

/s/ Ronald W. Chapman
Ronald W. Chapman II, Esq., LL.M.
Michigan Bar No. P73179
Counsel for Defendant Ghearing
1441 West Long Lake Road, Ste 310
Troy, MI 48098
T:(248)644-6326
RWChapman@ChapmanLawGroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion for Early Jencks was served via email the Court's CM/ECF system on Assistant United States Attorneys, Sarah Bogni and Juliet Aldridge on February 6, 2023.

/s/ Meggan B. Sullivan