IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-cr-00010 |
| v. ) | |
| ) | Judge Campbell |
| ) | |
| GILBERT GHEARING ) | |

## MOTION TO CONTINUE TRIAL

The United States of America, by and through undersigned counsel, respectfully requests that this Court continue the trial in the instant case, which is currently scheduled for February 14, 2023, because an essential witness for the United States is currently unavailable, *see* 18 U.S.C. § 3161(h)(3)(A), and, in the alternative, because the ends of justice warrant a continuance, 18 U.S.C. § 3161(h)(7)(A).

Before addressing those issues, however, the United States acknowledges that when it recently filed its notice of proposed trial dates, it stated that, with the exception of a mid-March trial date in another case, undersigned counsel's schedule was "open throughout the Spring and Summer of 2023," such that the United States was "available for trial in this matter at a time convenient for the Court and the Defendant." (DE# 118.) As explained in more detail below, the undersigned prepared that notice against the backdrop of a mistaken but sincerely held belief—based largely on statements from defense counsel, both in court and via email—that a trial *before* mid-March was not a possibility that either the parties or the Court were contemplating. In retrospect, the United States should have stated clearly that, while the AUSAs assigned to this case are ready for trial, a trial in February is not feasible due to the unavailability of an essential witness

1

and practical difficulty in bringing in numerous other witnesses with only 11 days' notice. The undersigned sincerely apologizes to the Court for failing to address the possibility of a February trial date. But that failure should not require a hasty trial lacking an essential witness and others, potentially resulting in a miscarriage of justice.

I.      **Background**

On October 17, 2022, a federal Grand Jury in the Middle District of Tennessee returned a Superseding Indictment, charging Ghearing with Counts One through Sixty-One of health care fraud under 18 U.S.C. § 1347 and drug distribution under 21 U.S.C. § 841(a)(1), and new charges at Counts Sixty-Two and Sixty-Three of obstruction under 18 U.S.C. § 1503 and 18 U.S.C. § 1519. (DE# 164). Ghearing filed a written Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty on January 27, 2023. (DE# 177).

At a status conference on January 30, 2023, the Court asked the parties about potential trial dates, noting that they would inevitably need a reasonable period of time to ensure the availability of witnesses, including experts. The parties began discussing potential trial dates with the courtroom deputy, focusing on dates in the summer or fall, but were unable to find a time that worked for all parties, given the attorneys' trial conflicts and the parties' agreement that the trial is likely to last for four weeks.

On January 31, 2023, the Court entered an Order directing the parties to file a notice of proposed trial dates on or before February 2, 2023. (DE# 179). Following that order, the parties continued to discuss potential trial dates via email. In those discussions, the undersigned noted that she has a trial conflict in March. One defense attorney noted that he has also trial related conflicts in April and May, and so the first month in which there were no trial conflicts was June. The

2

undersigned proposed submitting a joint notice with June as a suggested trial date. One defense attorney noted that they could not go forward in June. She had previously noted after the status conference that she had a pre-planned vacation that month. With the parties unable to reach agreement, Ghearing filed a notice representing that he is "available for trial days up to April 5, 2023 or any date from September 1-30, 2023." (DE# 180).

In preparing its notice, the undersigned was under the mistaken but sincerely held belief that a trial date in February was not a possibility that needed to be addressed. This belief was based on several factors. First, at the January 30, 2023 status conference, the defendant noted his intent to file one or more motions to dismiss the indictment. The undersigned assumed that these motions, particularly when combined with the pending *Daubert* motion, would take some time to litigate before trial. Second, throughout the undersigned's discussions with defense counsel—both in court and via email—the parties focused on dates between June and September 2023, or thereafter if necessary. At no point did either party suggest a trial in February or before late March 2023. (This may be in part because defense counsel Meggan Sullivan is scheduled to begin trial before Judge Richardson in *United States v. Gransden, et al.,* Case Number 1:21-cr-0005, on February 21, 2023.[1]) Third, as noted at the status conference, the undersigned was under the belief that the 30-day minimum period referenced in 18 U.S.C. § 3161(c)(2)—providing that "trial shall not commence less than thirty days from the date on which the defendant first appears through counsel," absent written consent from the defendant—began to run anew upon arraignment on the superseding indictment. As it turns out, this belief was mistaken, *see United States v. Rojas-*

---

[1] On the morning of February 6, 2023, Ms. Sullivan filed a Motion to Continue this trial, to which the United States filed an opposition. (DE 110).

3

*Contreras*, 474 U.S. 231, 234 (1985), but it contributed to the assumption that the Speedy Trial Act *precluded* a trial in this case prior to early March absent the defendant's consent, such that an earlier trial date was not a possibility that needed to be discussed head-on.

Against that backdrop, the United States filed a Notice regarding proposed trial dates on February 2, 2023. In that Notice, the United States represented that it is "available for trial in this matter at a time convenient for the Court and the Defendant." (DE# 181). The United States noted further that Assistant United States Attorney Sarah Bogni has a trial that is currently scheduled to begin before the Honorable Eli J. Richardson on March 14, 2023; the defendant in that case has made a speedy trial demand and has expressed his desire to proceed to trial on the first scheduled trial date. (*Id.*) The United States represented further that the United States is "open throughout the Spring and Summer of 2023," but "respectfully request[s] a trial date before September 2023" because Assistant United States Attorneys Bogni and Juliet Aldridge have trials set to begin in September 2023 in front of the Honorable Aleta A. Trauger and the Honorable Waverly D. Crenshaw, Jr., respectively. (*Id.*)

With the benefit of hindsight, it is clear that the United States should have stated explicitly that it would not be feasible to try this case *prior* to the March 14, 2023 trial date referenced in its Notice. The undersigned apologizes to the Court and defense counsel for failing to say so clearly. That mistake, while regrettable, was not the result of any sort of bad faith or gamesmanship, but stemmed from the good-faith belief that a trial date in February was not a possibility that needed to be addressed.

On February 3, 2023, the Court issued an Order setting the case for trial on February 14, 2023. (DE# 183). After receiving that Order, the United States began contacting its witnesses. As

4

set forth below, at least two essential witnesses are unavailable for a trial beginning February 14, thus prompting this motion to continue.

**II.** **Argument**

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, governs the time within which a defendant charged in federal court must proceed to trial. A period of delay resulting from the absence or unavailability of an essential witness shall be excluded in computing the time within which the trial must commence, however. *See* 18 U.S.C. § 3161(h)(3)(A). Likewise, a period of delay based upon the Court's finding (in writing) that the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant in a speedy trial shall also be excluded. *See id.* § 3161(h)(7)(A).

**A.** **Unavailability of an Essential Witness**

As noted, 18 U.S.C. § 3161(h)(3)(A) provides that a period of delay resulting from the absence or unavailability of an essential witness shall be excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(h)(3)(A). "For purposes of" § 3161(h)(3)(A), "an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence . . . ." *Id.* § 3161(h)(3)(B). Here, an essential witness for the United States— Dr. Carl Christensen, the United States' medical expert—is unavailable for trial.

Dr. Christensen is an "essential witness" within the meaning of § 3161(h)(3)(A). "Although the Act does not define an 'essential witness,' the accompanying Senate Judiciary Committee report explains that the term refers to a witness 'so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage

5

of justice,' giving as an example 'a chemist who has identified narcotics in the defendant's possession.'" *United States v. Saeku*, 436 F. App'x 154, 162 (4th Cir. 2011) (quoting S. Rep. No. 93–1021, at 37 (1974)). "Where a witness is unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial, that witness may be deemed 'essential' for purposes of the Speedy Trial Act. If, however, the witness's anticipated testimony will be merely cumulative, or substantially irrelevant, that witness should be deemed nonessential." *United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir. 1987). Indeed, "[a] witness may be deemed essential for the purposes of the Act, even though the government could obtain a conviction without his testimony." *United States v. Miles*, 290 F.3d 1341, 1350 (11th Cir. 2002).

      Dr. Christensen meets that test. Indeed, he is a specialist in the field of addiction and pain medication management, and like Ghearing, is an OB/GYN. Dr. Christensen conducted a file review for the patients listed in the indictment, and reviewed records related to other patients, PDMP/CSMD data, and undercover visits. Dr. Christensen will provide testimony and expert opinion about Ghearing's prescribing practices, and how Ghearing's conduct fell outside the usual course of professional practice. More specifically, the United States anticipates Dr. Christensen will testify that the conduct and prescriptions issued by Ghearing were outside the usual course of professional practice, not for legitimate medical purposes. In fact, Dr. Christensen has assisted with the investigation since 2019, and is the only expert to conduct a file review of each of the charged patients, the undercover videos, and other patient files. A copy of the July 2022 expert disclosure relating to Dr. Christensen is attached as Exhibit A, which reflects the full breadth of Dr. Christensen's expected testimony.

6

Dr. Christensen is also "unavailable" within the meaning of the Act.[2] An "essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). As described in further detail in the letter from Dr. Christensen filed under seal as Exhibit B,[3] Dr. Christensen is currently unable to travel due to health issues, and therefore, would be unavailable to physically appear for trial until a later date.[4] Moreover, even if he could travel, Dr. Christiansen is unable to sit for longer than 5 minutes due to a recent injury. Dr. Christensen's next scheduled appointment with his doctor regarding this condition is March 13, 2023.[5]

Courts, including the Sixth Circuit, have treated essential witnesses as unavailable where, as here, medical reasons make it effectively impossible for them to appear at trial. *United States v. Howard*, 218 F.3d 556, 562-63 (6th Cir. 2000) (affirming four-month delay resulting from government continuance when an essential witness was "hospitalized after going into premature

---

[2] The United States was generally aware of Dr. Christensen's injury, but because the parties had been discussing a trial date in June or later, the United States did not think through the witness's ability to travel in the next month in the Notice.

[3] Filed as a separate document under seal.

[4] Dr. Christensen is available to testify remotely, while standing up, but both parties would have to consent. A defendant can relinquish the right to confront witnesses face-to-face, *see Carter v. Sowders*, 5 F.3d 975, 980-81 (6th Cir. 1993). Even if Dr. Christensen were to testify remotely, however, he would be unavailable to serve the full role typically played at trial by experts, including the ability to observe any testimony from the defendant and the defense expert and testify in rebuttal if necessary. His inability to discharge these responsibilities would also support an ends-of-justice continuance.

[5] If the Court grants this Motion, after Dr. Christensen's next appointment, the undersigned will confer with him to determine if he is physically capable of attending the newly set trial date. If he is not, then the undersigned will promptly endeavor to engage a different expert witness.

labor and was therefore unavailable to testify"); *United States v. Carroll*, 26 F.3d 1380, 1390 (6th Cir. 1994) (affirming exclusion of time resulting from two continuances "requested by the government because a material witness, Robin Patrick, was unavailable for medical reasons"); *United States v. O'Connor*, 656 F.3d 630, 641-42 (7th Cir. 2011) (affirming continuance where essential witness "was under doctor's orders to remain at home with the [sick] baby and not leave the house except to go to the hospital"); *United States v. Allen*, 235 F.3d 482, 490-91 (10th Cir. 2000) (affirming continuance of 6-8 weeks, after the case agent had a heart attack and "was unavailable during his recovery period"); *United States v. Koller*, 956 F.2d 1408, 1412-13 (7th Cir. 1992) (affirming exclusion of 153 days during the time when an essential witness was recovering from open-heart surgery). The Sixth Circuit has found essential witnesses unavailable for reasons far less pressing than Dr. Christensen's physical inability to travel or sit for long durations. *See, e.g.*, *United States v. Meyer*, 803 F.2d 246, 247-48 (6th Cir. 1986) (affirming the finding that case agent "could not appear because he would be away on his honeymoon," where he "had made extensive wedding and honeymoon plans and expended large sums of non-refundable money in connection with these plans," and "[i]t would have been unreasonable to require [the case agent], who was about to be married, to cancel all his plans at the last minute").

Taken together, the United States respectfully submits that the trial date should be continued due to the "unavailability of . . . an essential witness," and that the resulting "period[] of delay shall be excluded in computing" time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(3).

**B.** **Ends of Justice**

Additionally, or in the alternative, the United States respectfully requests that the Court

8

Case 2:19-cr-00010   Document 185   Filed 02/06/23   Page 8 of 13 PageID #: 1145

grant a continuance on ends-of-justice grounds. As noted, a period of delay based upon the Court's finding (in writing) that the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant in a speedy trial shall also be excluded in computing speedy trial time. *Id.* § 3161(h)(7)(A). Among the factors the Court shall consider in determining whether to grant a continuance on ends-of-justice grounds are whether the failure to grant such a continuance would result in a miscarriage of justice, and whether the failure to grant such a continuance would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B). Proceeding to trial in this case on February 14, 2023, would result in a miscarriage of justice, and would also deny the attorneys for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      Although the United States represented at the status conference and in the Notice regarding proposed trial dates that it is ready for trial, in making that unqualified representation, the United States anticipated at least some time to make travel arrangements, issue and serve subpoenas, and ensure that experts and witnesses were available at a time that was convenient to the Court and the defendant. As the Court noted at the status conference, there is a need to ensure that experts and witnesses are available, and to issue and serve trial subpoenas. And, as the United States noted in its Notice regarding proposed trial dates, the majority of the witnesses the United States intends to call at trial live over two hours from Nashville. During preparation for trial, it became apparent to the United States that traveling to Nashville for trial is extremely burdensome on trial witnesses, who include individuals who are physically vulnerable and indigent. (DE# 181.) As a result, travel, including hotel stays, will need to be arranged for those witnesses.

9

Prior to the status conference, the United States had not served witnesses with trial subpoenas, and had not conferred with all the expected witnesses about their availability. As noted above, until the issuance of the Court's February 3, 2023 Order, the United States had no reason to believe that trial in this case would begin before April at the earliest. To the contrary, based on discussions with defense counsel, it appeared that a trial in late 2023, or even 2024, was more likely than a trial date in the first half of 2023. Serving those witnesses with trial subpoenas with approximately 11 days' notice of the trial day may present additional problems, especially for the lay witnesses, and particularly for those witnesses who must travel to testify.

It is also already clear that another important witness, HHS OIG Digital Investigator Lowell Floyd, will be unable to appear for trial as currently scheduled. Mr. Floyd was involved in the process of converting data downloaded from several devices seized from the defendant into a usable form, making him, at a minimum, an important chain-of-custody witness. Mr. Floyd, who is based in Florida, has been subpoenaed to appear in court in Florida from February 6 through 17, and then has surgery on February 21; following surgery, he will be unable to fly from Florida until March 10. Even assuming *arguendo* that Mr. Floyd is not an "essential" witness within the meaning of § 3161(h)(3), he is certainly an important witness whose absence can justify an ends-of-justice continuance.

In sum, proceeding to trial in this case on February 14, 2023, would result in a miscarriage of justice, and would also deny the attorneys for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, given the limited number of days before the start of trial within which subpoenas may be served, travel arranged, and final preparations made. *See, e.g., United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir.

10

2012) (granting ends of justice continuance where case agent's wife was hospitalized and agent had to remain near Fort Worth to care for young children and assist with wife's medical emergency; noting that the medical emergency situation was "unforeseeable and unavoidable," and were not due to a lack of diligent preparation, the appellate court agreed that the reasons for granting a continuance were "quite persuasive" and that efforts to take him away from his family would be "unreasonable"); *United States v. Strickland*, 342 F. App'x 103, 105-06, 109-10 (6th Cir. 2009) (affirming continuance based on the unavailability of an essential witness and ends of justice grounds based, in part, on fact that case agent was unavailable due to his scheduled appearance in another trial); *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997) (upholding ends-of-justice continuance where an essential witness was in "ill health" which rendered him unable to testify).

### III. Conclusion

WHEREFORE, for the reasons above, the United States respectfully requests that the Court continue the trial in the instant case, which is currently scheduled for February 14, 2023, to a date no earlier than April 2023, subject to defense counsel's availability. The United States requests further that the Court exclude the time between February 14, 2023, and the new trial date under 18 U.S.C. § 3161(h)(3)(A), because of the unavailability of an essential witness for the United States, and under 18 U.S.C. § 3161(h)(7)(A), because the ends of justice served by granting such a

continuance would outweigh the best interest of the public and the defendant in a speedy trial.

                                              Respectfully submitted,

                                              HENRY C. LEVENTIS
                                              United States Attorney for the
                                              Middle District of Tennessee

                            By:     ***s/ Sarah K. Bogni***
                                              Sarah K. Bogni
                                              Juliet Aldridge
                                              Assistant United States Attorneys
                                              719 Church Street, Suite 3300
                                              Nashville, Tennessee 37203
                                              Telephone:  615-736-5151

## CERTIFICATE OF SERVICE

  I hereby certify that on February 6, 2023, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                 By:  *s/ Sarah K. Bogni*
                     Sarah K. Bogni
                     Assistant United States Attorney