IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | No. | 2:19-cr-00010 |
| | ) | | |
| | ) | | Judge Campbell |
| GILBERT GHEARING | ) | | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY JENCKS (Doc. 184)

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, respectfully opposes defendant Gilbert Ghearing's Motion for Early Jencks (Doc. 184). For the reasons set forth below, the United States requests that the Court deny this motion without a hearing.

By an Order dated February 3, 2023, the Court scheduled this case for trial on February 14, 2023.[1] In the wake of that Order, the defendant has asked that this Court order the government to provide all Jencks Act material to the defense on or before the close of business on February 7, 2023. (Doc. 184.) The Court should reject that request, which is prohibited by statute and binding case law. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *see also United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("[T]he government may not be compelled to disclose Jencks Act material before trial.").

---

[1]  The government has filed a motion to continue the February 14, 2023 trial date. (Doc. 185).

The defendant makes no attempt to grapple either with the plain language of § 3500(a) or with the mandates of binding case law like *Presser*. Instead, the defendant merely references secondary sources, like a 30-year-old American Bar Association handbook, and decisions of courts in non-binding jurisdictions, in support of his wish for early Jencks material. None of these sources support his request. Indeed, the cases he cites affirm, rather than refute, the notion that this Court can order the government to provide Jencks material to the defendant in advance of trial. *See United States v. Tarantino*, 846 F.2d 1384, 1414 (D.C. Cir. 1988) ("Under the Jencks Act, defendants had no right to the statements given by other witnesses prior to [a cooperating defendant's] cross-examination. Only after those witnesses themselves testified does the Jencks Act give the defendants access to their statements."); *United States v. Hinton*, 631 F.2d 769, 781 n.29 (D.C. Cir. 1980) (quoting § 3500) ("By its terms, the Jencks Act, unlike the ABA Standards, does not mandate the surrender to defense counsel of Government-held statements of witnesses 'until said witness has testified on direct examination in the trial of the case.'"); *United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. Sep. 11, 1989) ("The government is technically not required to produce witness statements pursuant to the Jencks Act.").

The defendant also contends, unpersuasively, that the Court—pursuant to various Constitutional provisions, Federal Rules of Criminal Procedure, and inherent supervisory power— "has the authority" to "override" the timing provisions in § 3500. But the defendant makes no effort at all to explain why these sources of authority permit this Court to ignore the plain language of § 3500 as well as binding Sixth Circuit precedent and order the government to make an early disclosure of Jencks material. This Court should reject that request.

Lastly, the government notes that it does sometimes provide Jencks material to defendants in advance of trial, in order to ensure the uninterrupted presentation of evidence in the

government's case. The government plans to do so in this case as well, although it does not intend to provide Jencks material on or before the close of business on February 7, 2023, as the defendant has requested.

<br>

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

By:    *s/ Sarah K. Bogni*
Sarah K. Bogni
Juliet Aldridge
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

Dated:      February 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I sent a copy of the foregoing via the Court's electronic filing system to counsel for the defendant.

*s/ Sarah K. Bogni*
SARAH K. BOGNI
Assistant United States Attorney