IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Case No. 2:19-cr-00010
                                 District Judge William L. Campbell, Jr.

GILBERT R. GHEARING,

    Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENTS MOTION TO CONTINUE

NOW COMES Defendant Gilbert Ghearing, M.D. ("Dr. Ghearing"), by and through counsel, and respectfully files this Response to the Government's Motion to Continue and Assertion of Speedy Trial Rights. In support thereof, he states as follows:

Dr. Ghearing requests an emergency telephonic or virtual hearing on the Government's Motion to Continue to be set on **February 7th, 2023** at any time the Court desires. In the alternative, Defense requests that the Court deny the Government's motions for the reasons stated below.

I. **The Government's Failed to Disclose the Unavailability of its Expert to the Court During the January 30th Status Conference and in Its Notice of Proposed Trial Dates.**

On Monday, January 30, 2023, a status hearing was held to set the trial date in the above captioned case. At the conclusion of the hearing, the Government represented that it would contact its expert and other witnesses to determine availability. It did not do this. Instead, it filed its notice of proposed trial dates and stated that it was "available for trial in this matter at a time convenient for the Court and the Defendant". (DE# 118). In its recent motion to continue, however, the Government stated that it was "generally aware of Dr. Christensen's injury" and failed to mention this fact at the status conference or in its notice of proposed trial dates. (DE# 118).

As a result of its lack of diligence, candor to the court and parties and failure to mention the unavailability of its witness – Dr. Ghearing, the Court, and his counsel are once again prejudiced. Undoubtedly, the Court has cleared its calendar and so has the Defendant and its counsel in anticipation of a February 14, 2023 trial. Dr. Ghearing called each one of his patients to cancel appointments. His defense counsel canceled the myriad of personal, family, and client appointments. His defense counsel expended significant litigation funds to secure travel, lodging, and prepare for a February trial. All this effort was expended despite the Government knowing that their expert witness was not available since at least December.

The Government's lack of candor and diligence has been a continued stain on this case. It has belatedly raised issues resulting in interlocutory appeal, failed to produce discovery resulting in adjournment, and to this day continues to produce Rule 16 discovery[1]. And now, once again, Dr. Ghearing is at the brink of a trial date only to have the Government balk.

The Court should see the Government's conduct for what it is; it is the worst gamesmanship. The Government failed to disclose its expert's unavailability for strategic purposes. It gambled that neither the court nor the Defendant were ready for a February trial date so that it could give the appearance of preparedness while harboring its true motives.

## II. Dr. Christensen is Not "Unavailable" and Even His Unavailability Cannot Usurp Dr. Ghearing's Speedy Trial Rights.

At the outset, the Government has not provided a single case where – over defense objection – a minor medical condition of its expert is considered sufficient grounds under the Speedy Trial Act to continue trial. It cannot because none exist. The Sixth Amendment is not such a fragile right that it's shattered because a Government expert may be uncomfortable traveling for trial.

---

[1] The latest production was received February 6, 2023.

The Government claims that Dr. Christensen is unavailable due to a chronic condition that was recognized in December. Counsel for Dr. Ghearing also represented Dr. Leslie Pompy. Counsel observed Dr. Christensen during a trial in Detroit in December while he sat on the witness stand for two days during direct and cross examination in the trial acquittal of Dr. Lesly Pompy. During that trial, Dr. Christensen underwent rigorous cross examination and his testimony was ultimately found unconvincing to the Jury – who returned a full acquittal on each count of the indictment. During his direct and cross examination – he was completely fine. He did not ask for concessions from the Court during his testimony, he did not ask to rise during breaks, and he made no reference to a medical condition. The Government is undoubtedly aware of this additional acquittal with this counsel and this Government expert.

[THIS PARAGRAPH IS FILED IN A SEALED FILING]

███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████
██████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████

███████████████████████████████████

███████████████████████████████████

████████████████████

███████████████████████████████████

███████████████████████████████████

[END OF SEALED PORTION]

Dr. Christensen's "unavailability" cuts against the Government for the purposes of a speedy trial analysis. Dr. Christensen is now six years older than when this case began. He did not have a medical condition when the Government first moved to continue trial due to a pending Supreme Court decision. He did not have a medical condition when the Government filed a meritless interlocutory appeal days before trial. Dr. Christensen's age and apparent failing health are the exact reason why the Sixth Amendment and Speedy Trial Act exist. As this case ages, so too will its witnesses and further delays will result in the medical unavailability of the aging witnesses in this case. Adjourning this case put's Dr. Christensen's minor medical needs above that of Dr. Ghearing and the risk that further delays and prejudices will result in the failing memories and medical conditions of other vital witnesses – some of which are defense witnesses.

Dr. Ghearing too is aging. During the pendency of this case his rheumatoid arthritis has become more severe. His heart complications have worsened resulting in surgery to implant stints. But he does not complain to the Court about these conditions because his right to a speedy trial is sacred and he desires more than anything to bring finality to this case.

**III.  The Government's Actual Reason for Continuing Trial.**

Dr. Christensen's lack of availability due to a minor medical condition is pure subterfuge. Instead, the Government is buying time to swap experts and further prepare for trial. It hinted that

this was the case during the previous status conference. After learning that Dr. Christensen's proposed testimony has resulted in two full acquittals (*People v. Oesterling* and *United States v. Pompy*) in cases involving Dr. Ghearing's defense counsel, the Government is claiming lack of availability of its expert to change horses mid race.

In addition, the Government has still not provided its exhibits to Defense counsel further hinting at its lack of preparation. Defense counsel shared their exhibits immediately after the final pre-trial conference on September 6, 2022. Despite representing that it would share its exhibits, the Government chose not to – and instead filed an interlocutory appeal days before trial. Additional discovery disclosures have revealed that the Government is making use of Defendant's exhibit disclosures in its trial and exhibit preparation while failing to provide its exhibits. And now, just seven days before trial – Defense counsel has not received a single government exhibit. The Government has used Dr. Ghearing's counsel's good faith and fair dealing to secure a significant strategic trial advantage.

**Conclusion**

Dr. Ghearing, once again, asserts his speedy trial right. Six years of delay, mostly due to the lack of organization, diligence, and candor by the Government has caused severe prejudice to Dr. Ghearing. He has suffered under the weight of the indictment and pulled to the brink of trial several times. His health has suffered. His family relationships have suffered. He has expended vital resources each time he and his counsel prepared for trial only to be stopped by a Government motion. Dr. Ghearing deserves finality, and he deserves to begin his trial on February 14, 2023, this is a sacred right afforded by the Constitution and the Speedy Trial Act and it shall not be infringed by the myriad of Government excuses for its lack of preparedness, candor, and diligence.

Respectfully Submitted,

CHAPMAN LAW GROUP

Dated: February 7, 2023

*/s/ Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
Michigan Bar No. P73179
Counsel for Defendant Ghearing
1441 West Long Lake Road, Ste 310
Troy, MI 48098
T: (248) 644-6326
RWChapman@ChapmanLawGroup.com

Dated: February 7, 2023

*/s/ Meggan B. Sullivan*
Meggan B. Sullivan, Esq.
Tennessee Bar No. 33067
Counsel for Defendant Ghearing
424 Church Street, Ste. 2000
Nashville, TN 37219
T: (615) 457-0449
MSullivan@ ChapmanLawGroup.com

## CERTIFICATE OF SERVICE

    I hereby certify that on February 7, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the parties involved.

*/s/ Meggan Bess Sullivan*