IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 2:19-cr-00010 |
| v. ) | |
| ) | Judge Campbell |
| ) | |
| GILBERT GHEARING ) | |

### RESPONSE TO NOTICE REGARDING DEFENDANT'S POSITION ON DR. CARL CHRISTENSEN TESTIFYING VIA VIDEO TELECONFERENCE

The United States of America, by and through undersigned counsel, files this response to Defendant Gilbert Ghearing's Notice Regarding Defendant's Position on Dr. Carl Christensen Testifying Via Video Teleconference (DE# 198), in order to address Defendant's proposal regarding a video deposition and to correct representations in that Notice. The United States notes that: (1) Dr. Christensen is unable to travel; (2) the United States did not state that Dr. Christensen would have to be provided exhibits in advance, and instead suggested that the parties discuss logistics of courtroom presentation with the Court IT staff; (3) the defense generally hears expert testimony for the first time at trial so it does not impede their defense to hear the testimony for the first time via VTC; and (4) a video deposition is impractical on the scheduled trial timeline, would waste the time of the jury, would prejudice the United States, and is disfavored in criminal cases.

Defendant states in his Notice that Dr. Christensen "does not claim he is unable to travel to Nashville during trial." (DE# 198.) That is inaccurate. Prior to the filing of this Notice, the United States provided to Defendant a note from Dr. Christensen's doctor stating unequivocally that Dr. Christensen is unable to travel and unable to testify in court. (Exhibit A: Doctor's note).[1]

---

[1] Filed as a separate document under seal.

Generally, the defendant opposes any testimony except live testimony. The United States agrees that's preferable in a criminal case. Although Rule 15(a) of the Federal Rules of Criminal Procedure permits deposition testimony upon a finding of "exceptional circumstances and in the interest of justice," live testimony "is the favored method of presenting testimony, and primarily for this reason depositions are not favored in criminal cases." *United States v. Wilson*, 601 F.2d 95, 97 (3d Cir. 1979). "The antipathy to depositions is due in large part to the desirability of having the factfinder observe witness demeanor." *Id.* "Although this concern has been alleviated to a marked degree by the advent of modern audio-visual technology, the policy in favor of having the witness personally present persists." *Id.; United States v. Mann*, 590 F.2d 361, 365 (1st Cir. 1978) ("[T]he language of [Rule 15] suggests that the discretion [to permit testimony by deposition] is not broad and should be exercised carefully. Allowing depositions too freely would create the risk[] that parties . . . would try to use depositions in lieu of live testimony at trial in contravention of the spirit of the Sixth Amendment."); *see also United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) (internal citation omitted) ("It is within the discretion of the trial court to deny [a] motion [to permit testimony by deposition] if it is made . . . on the 'eve of trial.'").

In addition to these general concerns, having Dr. Christensen testify via deposition would be particularly inappropriate here. The parties and counsel would have to travel Michigan in the middle of trial, and arrange and take a video deposition that is expected to last several days. Once completed, the parties would have to ask the Court to rule on objections raised during the deposition, and then edit the video to reflect the Court's evidentiary rulings, before ultimately presenting the edited video to a jury, following a lengthy break in the middle of trial. Moreover, as the United States previously noted, the undersigned has a trial set for March 14, 2023. Given

the parties' shared view that this case will take four week *without* breaks, a trial beginning on February 14, 2023 would likely conflict with that schedule in the best of times. If a lengthy mid-trial break is added in order to conduct a video deposition, this trial will directly conflict with the trial noted in the United States' previous notice.

The most practical solution for all parties, the Court, and a jury is to continue the trial to a reasonable time to make sure witnesses are available. The United States apologizes again that it did not anticipate that the Court would set a trial date in February 2023, and thus had not ensured the availability of its witnesses. It is worth emphasizing, however, that all of these problems associated with conducting a complex trial on 11 day's notice, with an indisputably essential witness unavailable, could have been avoided had the parties simply agreed on a June trial date. The United States agreed with that date. Mr. Chapman agreed with that date. But Ms. Sullivan said that she was unavailable. (Exhibit B: emails between counsel on scheduling trial date). Had Ms. Sullivan represented then, as she has now done to Judge Richardson, that "a decision was made last year that [Ms. Sullivan's] trial schedule would not be a basis to continue any setting of the Ghearing matter," then the parties could simply have moved forward with an agreed trial date in June. (*See United States v. Klen*, 1:21-cr-0005, #111.) In any event, now that Ms. Sullivan has clarified her willingness to withdraw in this case, it would be appropriate to set this case for trial in June. That setting would have the benefit of allowing the jury to hear live testimony from the United States' expert witness. In all likelihood, that will continue to be Dr. Christensen, who has a follow-up appointment in March, and should have greater clarity at that point about the pace of his recovery. If his doctor believes that he will be available in June, the United States intends to

3

call him as an expert witness.[2] In the unlikely even that it appears in March that Dr. Christensen will still be unavailable in June, the United States can retain an alternative expert at that point.

## CONCLUSION

For the foregoing reasons, the United States opposes Defendant's proposal to proceed at trial with a yet-to-be-conducted video deposition of Dr. Christensen's testimony, and requests that the Court grant its motion to continue the trial date to a date in June, when all parties are available.

Respectfully submitted,

THOMAS J. JAWORSKI
Attorney for the United States
Middle District of Tennessee
Acting Under Authority Conferred
by 28 U.S.C. § 515

By:    *s/ Sarah K. Bogni*
Sarah K. Bogni
Juliet Aldridge
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

---

[2] Contrary to Defendant's assertion, the United States does not wish to replace the expert who has been involved in this matter since 2019.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2023, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

      By:    *s/ Sarah K. Bogni*
            Sarah K. Bogni
            Assistant United States Attorney