# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 2:19-cr-00010 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| GILBERT GHEARING ) | |

## ORDER

On January 30, 2023, the Court held a status conference to discuss setting this case for trial. Both parties stated that they were prepared to proceed to trial at the Court's convenience. After the parties filed notices of their availability (Doc. Nos. 180, 181) and considering its trial calendar, the Court set the case for trial at the first available date – February 14, 2023. (Doc. No. 183). Now before the Court are the Government's Motion to Continue (Doc. No. 185), the Defendant's response in opposition (Doc. No. 190), and the Defendant's oral motion for deposition of the Government's expert, Carl Christensen, M.D.

The Government's motion to continue the trial is based primarily on the unavailability of its expert witness, Carl Christensen, M.D. (Doc. No. 185). The Government provided medical documentation showing that Dr. Christensen, who lives in Michigan, has a temporary medical condition that prevents him from traveling to Nashville, Tennessee, to testify at trial in the coming weeks. (*Id.*; Doc. Nos. 187, 201). Dr. Christensen is an important witness for the United States and will be offered as an expert in the field of addiction and pain medication management. (Doc. No. 185). He has assisted with the investigation since 2019 and is the only expert to have reviewed the medical files of the charged patients, medical records of other patients, PMPD/CSMD data, and undercover videos. (*Id.*). In a footnote, the Government notes that Dr. Christensen is available to testify remotely, but that remote testimony would not allow him to serve the full role typically

played by experts at trial, including observing testimony from defense experts and the defendant, should he testify, as well as testifying in rebuttal if necessary. (*Id*. at 7, n.4).

Due to Dr. Christensen's inability to travel to Nashville for trial, the Government moved to continue the trial to a later date. The Government states that they may know in late March whether Dr. Christensen's condition is improving such that he would be able to travel in the future. If he is unable to travel, the Government indicates that it will obtain a new expert witness to allow the case to proceed to trial without further delay. The Government contends that Dr. Christensen is both "unavailable" and "essential" within the meaning of 18 U.S.C. § 3161(h)(3)(A), which excludes from the calculation of time within which the trial must commence under the Speedy Trial Act any period of delay resulting from the unavailability of an essential witness. (*Id*.).

As alternative or additional grounds to continue the trial, the Government argues that beginning the trial on February 14 does not give the attorneys for the Government reasonable time necessary for effective preparation and would result in a miscarriage of justice.[1] The Government explains that although it stated at the status conference and in the Notice regarding available dates that it is ready for trial, the attorneys for the Government anticipated "at least some time to make travel arrangements, issue and serve subpoenas, and ensure that experts and witnesses were available at a time that was convenient to the Court and the defendant." (*Id*. at 9).

Defendant is opposed to any further continuance of the trial date and asserts his right to a speedy trial. (Doc. No. 190). First, Defendant challenges the Government's assertion that Dr. Christensen is "unavailable" due to a health condition because he was able to testify as an expert witness at a trial in Detroit in December 2022. Defendant also contends he will be prejudiced by a

---

[1] The Court notes that the trial in this case was set to begin on September 14, 2022, when the case was stayed due to the Government's interlocutory appeal on September 7, 2022. (*See* Doc. No. 153). Presumably, the Government was prepared for trial at that time.

2

Case 2:19-cr-00010   Document 205   Filed 02/10/23   Page 2 of 6 PageID #: 1300

continuance of the trial, referencing the age of the case, concerns about witnesses' failing health and memory, and that he and his attorneys have already arranged their calendars and expended resources to prepare for trial on February 14.

Because Defendant's response did not address potential alternatives to Dr. Christensen's in-person testimony, the Court ordered Defendant to file a notice stating his position on Dr. Christensen testifying remotely by video conference. (Doc. No. 196). Defendant responded that he objects to anything other than live, in-person testimony of Government witnesses. Defendant raised concerns with the ability of the jury to observe Dr. Christensen and assess credibility, as well as with the logistics of cross examination via video particularly with exhibits and impeachment evidence not provided in advance to Dr. Christensen. Defendant stated, however, that if the Court finds that Dr. Christensen is an unavailable essential witness such that the trial would be continued due to his absence, he consents to taking a video deposition of Dr. Christensen that can be presented to the jury. Defendant proposed taking the deposition during a break in the trial.

Defendant's suggestion prompted a response from the Government, which opposes having Dr. Christensen testify via deposition in this case. (Doc. No. 199). The Government argues that taking Dr. Christensen's deposition in the middle of trial would take a significant amount of time, disrupt the presentation of evidence, and would likely result in the trial taking longer than four weeks, which would cause scheduling conflicts for one of the three trial attorneys for the United States (a conflict that was identified at the status conference and in the Government's notice of available trial dates). (*Id.*). The Government contends the "most practical solution" is to continue the trial to a reasonable time when all of the witnesses are available to testify in person. (*Id.*).

At the pretrial conference on February 9, 2023, after considerable discussion regarding a

continuance and the feasibility and pros and cons of Dr. Christensen testifying by video conference or video deposition, Defendant orally moved to allow Dr. Christensen to be deposed for purposes of presenting the deposition testimony at trial.

As an initial matter, the Court finds that Dr. Christensen is an essential witness and that he is unavailable to testify at trial. Dr. Christensen has assisted with the investigation since 2019 and is the only expert to have reviewed the medical files of the charged patients. Defendant does not dispute that Dr. Christensen is an essential witness for the prosecution. Although Defendant questions Dr. Christensen's unavailability, the Government has provided statements from Dr. Christensen and his treating physician stating that he is unable to travel for the trial at this time. This satisfies any requirement to prove unavailability.

The Court finds, however, that a continuance is not justified in this case. In reaching this decision, the Court considers the age of the case, the parties recent representations that they were prepared to proceed to trial at the Court's convenience, and, as discussed below, the conclusion that the obstacle presented by Dr. Christensen's inability to travel can be overcome by ordering the parties to depose Dr. Christensen and present his testimony by deposition at trial. Proceeding with the trial on the scheduled date will prevent an additional lengthy delay of the trial, which, due to the availability of the Court and counsel, could be an additional six months. The Court also notes that there is no certainty that, even if the trial is continued, Dr. Christensen will be available to testify on the new date. The Government attempts to remedy this uncertainty by stating that it would obtain a new expert if Dr. Christensen does not regain his ability to travel by the next trial setting, which solves one potential problem, but could result in additional delay relating to review of the new expert's opinions. On balance, the Court finds the best course of action is to proceed with the trial on the scheduled date.

Federal Rule of Criminal Procedure 15(a)(1) provides that the Court may grant a motion to depose a prospective witness to preserve testimony for trial "because of exceptional circumstances and in the interest of justice." The physical unavailability of a witness to testify in-person at trial constitutes such exceptional circumstances. *See United States v. Campbell*, 845 F.2d 1374, 1377-78 (6th Cir. 1988) ("It is well established that the infirmity of an elderly witness which prevents him or her from traveling is an 'exceptional circumstance' which justifies the use of deposition testimony at trial."). Moreover, under the circumstances here, allowing a witness to be deposed so that his deposition testimony can be presented at trial, thereby avoiding a continuance of the trial due to the unavailability of the witness, is in the interest of justice.

To be sure, under ideal circumstances, witnesses will testify in person before the jury. However, foreseeing similar circumstances as found here, the rules allow a witness' testimony to be taken by deposition and used at trial. *See* Fed. R. Crim. P 15(a)(1) and (f); Fed. R. Evid. 804. The Court also finds that the deposition testimony will be admissible at trial under Federal Rule of Evidence 804(a) and (b)(1) because Dr. Christensen cannot be present at the trial because of an infirmity or physical illness.

The final issue presented by the parties with regard to deposing Dr. Christensen and using his deposition testimony at trial concerns Defendant's rights under the Confrontation Clause to the Sixth Amendment. The use of deposition testimony at trial does not violate a defendant's confrontation clause rights where the witness is unavailable to testify in-person and the defendant had a meaningful opportunity to cross-examine the witness. *United States v. Mallory*, 902 F.3d 584, 590-91 (6th Cir. 2018). Moreover, conducting a deposition is preferable to allowing Dr. Christensen to testify by video at trial because it will facilitate Defendant's cross-examination of the witness. Dr. Christensen's testimony and cross examination are expected to involve a large

5

number of exhibits, which may become cumbersome if done remotely. Because Dr. Christensen is unavailable to testify in person and Defendant will have an opportunity to cross-examine him, the use of deposition testimony under these circumstances will satisfy Defendant's Confrontation Clause right.

In summary, the Court finds that a continuance of the trial is not warranted because the Government may present Dr. Christensen's testimony by video deposition at trial. While live testimony is always preferred, under the circumstances here, the Court finds the Defendant's interest in proceeding to trial as scheduled outweighs the Government's interest in Dr. Christensen or another expert testifying live on a future date.

Accordingly, the United States' Motion to Continue (Doc. No. 185) is **DENIED** and Defendant's motion to depose Dr. Christensen by video deposition for pursuant to Fed. R. Civ. P. 15 is **GRANTED**. To facilitate use of the deposition at trial, the parties should endeavor to structure the deposition as closely as possible to what would be an examination and cross-examination at trial. The Court is cognizant that Dr. Christensen's deposition may necessitate some "time off" during the trial to allow the parties to travel to Michigan to take the deposition. The Court directs that the parties attempt to schedule the deposition during the four days that court will not be in session – February 17-20, 2023. Defendant is hereby authorized to travel to Michigan for purposes of attending the deposition of Dr. Christensen, provided that he notify Pretrial Services of his travel plans.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE