IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:19-cr-00010 |
| v. | ) |
| | ) Judge Campbell |
| GILBERT GHEARING | ) |

**GOVERNMENT'S RENEWED MOTION TO EXCLUDE TESTIMONY OF DEFENSE WITNESS MICHAEL W. STAPLES AND REQUEST FOR A *DAUBERT* HEARING**

The United States of America, by counsel, hereby renews its motion to exclude the testimony of proffered defense expert witness Michael W. Staples, and, alternatively, requests that the Court schedule a *Daubert* hearing.[1] In support thereof, the Government incorporates by reference the arguments set out in DE 96, and asserts the following:

**Procedural History**

On December 29, 2021, Defendant noticed Michael W. Staples as an expert witness in a letter sent via email. On August 3, 2022, the Government filed a motion to exclude such testimony. DE 96. On August 17, 2022, Defendant responded in opposition to the motion. DE 127. On February 3, 2023, the Court ordered that Defendant may update the expert disclosure as to Staples by February 7, 2023. DE 183. On February 7, 2023, Defendant supplemented such notice with a document titled "Qualifications of Expert" via attachment to an email.

**Argument**

Defendant's combined notices fail to comply with Federal Rule of Criminal Procedure 16(b)(1)(C) in that they do not provide a basis or reason to support opinion testimony. While the supplemental notice expands upon the witness's education, training, and experience, it again fails to explain how such experience qualifies him to opine on the broad topics set forth in the notice.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

So too, the supplemental notice, like the first, fails to comply with Federal Rule of Evidence 702. The rule requires not only that the proponent be qualified to opine, but that the proposed testimony be relevant and reliable. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008). Defendant's supplemental notice fails to satisfy these threshold requirements. Indeed, the headings of the three "issues" on which Staples seeks to opine are on their face irrelevant, unreliable, or both to the issues before the jury; they are: (1) challenges of rural health care; (2) characteristics of a pill mill and bad faith controlled substance prescribing; and (3) patient stigma related to controlled substance prescribing and addressing aberrant issues. Defendant's Supplemental Notice at p. 9. In addition to being irrelevant and/or unreliable, opinion testimony on such topics would confuse the jury.

## **Request for a Daubert Hearing**

The United States respectfully argues that the Court should exclude Staples's testimony on the basis of Defendant's expert notice and the supplemental notice. Such notices fail to comply with the rules for the reasons argued herein and in DE 96. Alternatively, the Government requests that the Court conduct a *Daubert* hearing so that these issues may be further developed.

Wherefore, the United States renews its motion to exclude Michael W. Staples for the reasons set forth herein and those argued in DE 96.

Respectfully submitted,

THOMAS J. JAWORSKI
Attorney for United States Acting Under the
Authority Conferred by 28 U.S.C. § 515
Middle District of Tennessee

*/s/ Juliet Aldridge*
Juliet Aldridge
Sarah K. Bogni
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for Defendant via CM/ECF on February 11, 2023.

*/s/ Juliet Aldridge*
Juliet Aldridge
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151