UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA      )
                                          )     NO. 2:19-CR-00010
             v.                       )
                                          )     JUDGE CAMPBELL
GILBERT R. GHEARING          )

**THE UNITED STATES' PROPOSED AMENDED JURY INSTRUCTIONS**

The United States, through Assistant United States Attorneys Sarah K. Bogni, Juliet Aldridge, and Amanda Klopf hereby submit the following proposed amended jury instructions,[1] with notations to the Sixth Circuit's Pattern Jury Instructions or other bases for the proposed instructions. The United States requests leave to amend and supplement these instructions based upon evidence adduced at trial. A proposed verdict form will be contemporaneously filed with these proposed instructions.

---

[1] With the exception of Sixth Circuit Pattern Instruction Sections 1.0 and 8.0, which are the Court's standard introductory and concluding instructions.

**COURT'S INSTRUCTION NO. _____**

**INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime(s) charged in the superseding indictment.  Your job is limited to deciding whether the government has proved the crime(s) charged.

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.   The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the government has proved this defendant guilty.   Do not let the possible guilt of others influence your decision in any way.


[Sixth Circuit Pattern Jury Instructions – Instruction 2.01]

**COURT'S INSTRUCTION NO. ____**

**SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH
MULTIPLE CRIMES**

(1) The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

[Sixth Circuit Pattern Jury Instructions – Instruction 2.01A]

3

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS ONE THROUGH TWENTY-SIX: HEALTH CARE FRAUD**

(1) Counts One through Twenty-Six of the superseding indictment charge the defendant with health care fraud. For you to find the defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the defendant knowingly and willfully executed or attempted to execute a scheme to defraud any health care benefit program

    OR

    to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property in the control of a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

    (B) Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact.

    (C) Third, that the defendant had the intent to defraud.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need

4

only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

(B) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(C) The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(D) An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(E) A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(F) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

(3) The government need not prove that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute, or that the health care benefit program suffered any financial loss, or that the defendant engaged in interstate commerce, or that the acts of the defendant affected interstate commerce.

5

(4) If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge.   If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

[Sixth Circuit Pattern Jury Instructions – Instruction 10.05.]

**COURT'S INSTRUCTION NO. _____**

**CAUSING AN ACT**

(1) For you to find the defendant guilty of the crimes of health care fraud as charged in Counts One through Twenty-Six of the superseding indictment and as described above, it is not necessary for you to find that he personally committed the act charged in the superseding indictment. You may also find him guilty if he willfully caused an act to be done which would be a federal crime if directly performed by him or another.

(2) But for you to find the defendant guilty of the crimes of health care fraud as charged in Counts One through Twenty-Six of the superseding indictment and as described above, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendant caused (pharmacies) to commit the act of health care fraud (submitting false and fraudulent claims to Medicare and TennCare for payment for dispensed controlled substance prescriptions).

> (B) Second, if the defendant or another person had committed the act it would have been the crime of health care fraud.

> (C) And third, that the defendant willfully caused the act to be done.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You may consider this in deciding whether the government has proved that he caused the act to be done, but without more it is not enough.

(4) What the government must prove is that the defendant willfully did something to cause the act to be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of health care fraud.

[Sixth Circuit Pattern Jury Instructions – Instruction 4.01A]

**COURT'S INSTRUCTION NO. _____**

**FRAUD – GOOD FAITH DEFENSE**

(1)  The good faith of the defendant is a complete defense to the charge of health care fraud contained in Counts One through Twenty-Six of the superseding indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

(2)  A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.   An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

(3)  A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

(4)  While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

(5) The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.   It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

(6) If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

(7) Good Faith is not a defense to the crime of unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1), as charged in Counts Twenty-Seven through Sixty-One

9

of the superseding indictment, nor to Obstruction under 18 U.S.C. § 1503, as charged in Counts

Sixty-Two, or Alteration, Falsification, or Making False Entry in a Record of Document in Federal

Investigation, under § 1519, as charged in Count Sixty-Three.

[Sixth Circuit Pattern Jury Instructions – Instruction 10.04; modified]

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNTS TWENTY-SEVEN – SIXTY-ONE: UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES, 21 U.S.C. § 841(a)(1)**

The defendant is charged with the crime of distributing oxycodone, alprazolam, clonazepam, and carisoprodol, as detailed in Counts Twenty-Seven through Sixty-One. Oxycodone, alprazolam, clonazepam, and carisoprodol are controlled substances as defined by the Controlled Substances Act.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     The defendant knowingly or intentionally distributed oxycodone, alprazolam, clonazepam, and/or carisoprodol;

(B)     The defendant knew at the time of distribution that the substance was a controlled substance; and

(C)     The defendant knowingly or intentionally distributed the substance without authorization, that is, without a legitimate medical purpose outside the usual course of professional practice.

Now I will give you more detailed instructions on some of these terms.

(A)     The term "distribute" means the delivery or transfer of a controlled substance. This term also includes the writing or issuing of a prescription.

(B)     The terms "legitimate medical purpose" and "usual course of professional practice" mean acting in accordance with a standard of medical practice generally recognized

11

and accepted in the State of Tennessee. You have heard testimony about what constitutes the usual course of professional practice and a legitimate medical purpose for the prescription of controlled substances, and you are to weigh that evidence the same way that you would weigh any other evidence in this case. In considering whether a defendant issued a prescription with a legitimate medical purpose in the usual course of professional practice, you may consider all of the defendant's actions and the circumstances surrounding them. For you to find the defendant guilty, the government must prove to you beyond a reasonable doubt that, at the time the defendant issued the controlled substance prescription(s), he knew or intended that he was acting without a legitimate medical purpose outside the usual course of professional practice.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

[*See* Sixth Circuit Pattern Criminal Jury Instruction 14.02A Distribution of a Controlled Substance; *See United States v. La*, No. 3:22-CR-00163, Jury Instructions at Docket Entry 68, PageID# 233-34 (M.D. Tenn. July 19, 2022) (Trauger, J.); *also United States v. Romano*, 2:19-cr-00202, Jury Instructions at Docket Entry 89, PageID# 980-81 (S.D. Ohio August 12, 2022) (Watson, J.)]

12

**COURT'S INSTRUCTION NO. \_\_\_\_**

**AIDING AND ABETTING**

(1) For you to find the defendant guilty of distributing a controlled substance, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find defendant guilty of health care fraud or unlawful distribution of a controlled substance as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the crime of health care fraud or unlawful distribution of a controlled substance was committed.

    (B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

    (C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements,

13

then you cannot find the defendant guilty of health care fraud or unlawful distribution of a controlled substance as an aider and abettor.

[Sixth Circuit Pattern Jury Instructions – Instruction 4.01]

**COURT'S INSTRUCTION NO. _____**

**COUNT SIXTY-TWO: OBSTRUCTION OF JUSTICE**

(1) Count Sixty-Two of the superseding indictment charges the defendant with obstruction of justice. For you to find the defendant guilty of obstruction of justice, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that there was a pending federal judicial proceeding;

    (B) Second, that defendant had knowledge or notice of the pending proceeding; and

    (C) Third, defendant acted corruptly with the intent to influence, obstruct, or impede, or endeavors to influence, obstruct, or impede, the proceeding in the due administration of justice.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) To act "corruptly" means to act voluntarily and deliberately and for the purpose of improperly influencing, or improperly obstructing, or improperly interfering with the administration of justice.

    (B) The term "endeavors" means to knowingly and deliberately act, or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result. It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

[*United States v. Collis*, 128 F.3d 313, 318 (6th Cir. 1997); 2A Fed. Jury Prac. & Instr. §§ 48:03, 48:04, 48:05 (6th ed.) (modified).]

15

**COURT'S INSTRUCTION NO. \_\_\_\_**

**COUNT SIXTY-THREE: ALTERATION, FALSIFICATION, OR MAKING A FALSE**

**ENTRY IN A RECORD OR DOCUMENT IN FEDERAL INVESTIGATIONS**

(1) Count Sixty-Three charges the defendant with knowingly altering, falsifying, or making a false entry in a record or document with the intent to impede, obstruct, and influence the investigation of and the proper administration of a matter within the jurisdiction of any department or agency of the United States, and in relation to and in contemplation of such a matter.

For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the defendant knowingly, altered, falsified, or made a false entry in a record or document;

(B) Second, that the defendant acted with the intent to impede, obstruct, or influence the investigation of or the proper administration of in relation to or in contemplation of a matter; and

(C) Third, that the matter was within the jurisdiction of a department and agency of the United States, that is, a pending criminal case set for trial in the Middle District of Tennessee.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or

16

investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the defendant knew he was obstructing, impeding, or influencing a matter that was federal in nature.

[Fifth Circuit Pattern Jury Instruction No. 2.65 (2019); *United States v. Kernell*, 667 F.3d 746, 755 (6th Cir. 2012).]

**COURT'S INSTRUCTION NO. \_\_\_\_**

**ON OR ABOUT**

(1) Next, I want to say a word about the date mentioned in the superseding indictment.

(2) The superseding indictment charges that crimes as described in each count of the superseding indictment happened "on or about" the specific dates listed in each count.   The government does not have to prove that the crime happened on that exact date.   But the government must prove that the crime happened reasonably close to that date.


[Sixth Circuit Pattern Jury Instructions – Instruction 2.04]

**COURT'S INSTRUCTION NO. \_\_\_\_**

**USE OF THE WORD "AND" IN THE SUPERSEDING INDICTMENT**

Although the superseding indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.   Of course, this must be proved beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instructions – Instruction 2.12]

## COURT'S INSTRUCTION NO. ____

## UNANIMITY NOT REQUIRED – MEANS

(1) One more point about the requirement that your verdict must be unanimous. Counts One through Twenty-Six of the superseding indictment accuses the defendant of committing the crime of health care fraud in more than one possible way. The first is that he executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program. The second is that he executed, and attempted to execute, a scheme and artifice to obtain, by means of materially false and fraudulent pretenses, representations, and promises money and property owned by, and under the custody and control of, said health care benefit programs.

(2) The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.


[Sixth Circuit Pattern Jury Instructions – Instruction 8.03B]

20

**COURT'S INSTRUCTION NO. \_\_\_\_**

**INFERRING REQUIRED MENTAL STATE**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.   This, of course, is all for you to decide.

[Sixth Circuit Pattern Jury Instructions – Instruction 2.08]

21

## COURT'S INSTRUCTION NO. ____

## DELIBERATE IGNORANCE

(1) Next, I want to explain something about proving a defendant's knowledge.

(2) No one can avoid responsibility for a crime by deliberately ignoring the obvious.

If you are convinced that the defendant deliberately ignored a high probability that he was prescribing controlled substances outside the usual course of professional practice without a legitimate medical purpose, then you may find that he knew that he was prescribing controlled substances outside the usual course of professional practice without a legitimate medical purpose.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that he was prescribing controlled substances outside the usual course of professional practice without a legitimate medical purpose and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This of course, is all for you to decide.

If you are convinced that the defendant deliberately ignored a high probability that pharmacies submitted claims for controlled substances written by defendant in a way that resulted in fraudulent claims, then you may find that he knew he caused pharmacies to submit false claims.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that pharmacies submitted claims to Medicare or TennCare for controlled substance prescriptions written by defendant that were not eligible for reimbursement because they were not medically necessary or were not written in the usual course of professional practice for legitimate medical purposes, and that the defendant deliberately closed his eyes to

22

what was obvious.   Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict.   This, of course, is all for you to decide.

[Sixth Circuit Pattern Jury Instructions – Instruction 2.09]

## INTRODUCTION – EVIDENTIARY MATTERS

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.01]

24

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1) A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.02A]

[OR]

**COURT'S INSTRUCTION NO. ____**

**DEFENDANT'S TESTIMONY**

(1) You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.02B]

25

**OPINION TESTIMONY**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion.    In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.    Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.


[Sixth Circuit Pattern Jury Instructions – Instruction 7.03]

**COURT'S INSTRUCTION NO. ____**

**WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS**

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.03A]

27

## OPINION TESTIMONY NOT REQUIRED

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion. You have heard from numerous medical opinion witnesses during this trial. However, opinion medical testimony is not necessary to convict a defendant under the Controlled Substances Act, because a jury may find that a doctor violated the Act from evidence received from lay witnesses surrounding the facts and circumstances of the prescriptions. Opinion witnesses can reasonably disagree with each other regarding whether a prescription was written within or outside the usual course of professional practice. However, their disagreement does not mean you cannot use other evidence and testimony you heard during trial to form your own opinion of whether a prescription was written within or outside the usual course of professional practice, and with or without a legitimate medical purpose.

[*See United States v. Elliott,* 876 F.3d 855, 864-5 (6th Cir. 2017) ("Although understanding what a legitimate medical purpose is (and thus whether a prescription violated the Controlled Substances Act) often understandably requires expert guidance, we have also affirmed that 'there are cases in which the lay testimony is so clear that no expert testimony is required to determine that the defendant's actions were not for a legitimate medical purpose nor in the usual course of professional practice.' In *Word*, for example, we held that a physician who wrote great quantities of prescriptions, for large sums of money, and with no examination could be properly convicted without expert testimony." *Elliott*, 876 F.3d at 865, citing *United States v. Word*, 806 F.2d 658, 663 (6th Cir. 1986). *See also United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013) ("Expert medical testimony is not . . . necessary to sustain a conviction under the [Controlled Substances] Act because a jury may find a doctor violated the Act 'from evidence from lay witnesses surrounding the facts and circumstances of the prescriptions.") (quoting *United States v. Rogers*, 609 F.2d 834, 839 (5th Cir. 1980) ("While the use of expert testimony is both permissible and useful, it is not absolutely necessary as a jury can find that a doctor prescribed controlled substances not in the usual course of his medical practice and was acting other than for a legitimate medical purpose from evidence received from lay witnesses surrounding the facts and

28

circumstances of the prescriptions."); *United States v. Smurthwaite*, 590 F.2d 889, 892 (10th Cir. 1979) ("We can conceive of a situation where evidence as to the usual practice might be essential to proof of the government's case. But here there is evidence of conduct clearly outside the usual course of professional practice. . . . There were conflicts, of course, between the doctor's testimony and the witnesses', but resolution of those conflicts was for the jury."); *United States v. Bartee*, 479 F.2d 484, 488 (10th Cir. 1973) ("Expert testimony from medical practitioners is of course admissible as bearing on the issue as to whether a doctor in prescribing a controlled substance is acting for a legitimate medical purpose . . . . However, the jury is not bound by such expert testimony and may of course consider all of the facts and circumstances surrounding the prescribing as related by lay witnesses.")]

**COURT'S INSTRUCTION NO. ____**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH**

(1) You have heard the testimony of _____.    You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was.    You cannot use it as proof of anything else.    You can only use it as one way of evaluating his testimony here in court.


[Sixth Circuit Pattern Jury Instructions – Instruction 7.04]

**COURT'S INSTRUCTION NO. ____**

**IMPEACHMENT OF A WITNESS
OTHER THAN DEFENDANT BY PRIOR CONVICTION**


(1) You have heard the testimony of _____.   You have also heard that before this trial he was convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.   Do not use it for any other purpose.   It is not evidence of anything else.


[Sixth Circuit Pattern Jury Instructions – Instruction 7.05B]

**COURT'S INSTRUCTION NO. ____**

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use summaries, charts, drawings, calculations, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.12]

**COURT'S INSTRUCTION NO. ____**

**SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

(1) During the trial you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material.   This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.12A]

**COURT'S INSTRUCTION NO. \_\_\_\_**

**OTHER ACTS OF DEFENDANT**

(1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the superseding indictment.   If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] ~~[identity] [absence of mistake] [absence of accident]~~.   You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for _____, not for the other acts.   Do not return a guilty verdict unless the government proves the crime charged in the superseding indictment beyond a reasonable doubt.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.13]

**COURT'S INSTRUCTION NO. ____**

**FLIGHT**

(1) You have heard testimony that after the crime was supposed to have been committed, the defendant attempted to flee the jurisdiction.

(2) If you believe that the defendant attempted to flee, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may attempt to flee for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.14]

**COURT'S INSTRUCTION NO. _____**

**CONCEALMENT OF EVIDENCE**

(1)  You have heard testimony that after the crime was supposed to have been committed, the defendant altered certain documents.

(2)  If you believe that the defendant altered documents, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may alter documents for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.14; *United States v. Clark*, 24 F.4th 565, 580–81 (6th Cir. 2022); *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986); *United States v. Franks*, 511 F.2d 25, 36 (6th Cir. 1975).]

**COURT'S INSTRUCTION NO. _____**

**JUDICIAL NOTICE**

I have decided to accept the following as true, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so:

The town of Celina, Tennessee is located in Clay County, Tennessee, within the Middle District of Tennessee.

The town of Jamestown, Tennessee is located in Fentress County, Tennessee, within the Middle District of Tennessee.

[Sixth Circuit Pattern Jury Instructions – Instruction 7.19]

Case 2:19-cr-00010   Document 234   Filed 03/05/23   Page 37 of 40 PageID #: 1642

**COURT'S INSTRUCTION NO. _____**

**STIPULATIONS**

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved: [*insert facts stipulated*].

[Sixth Circuit Pattern Jury Instructions – Instruction 7.21]

Respectfully submitted,

THOMAS J. JAWORSKI
Attorney for the United States
Middle District of Tennessee
Acting Under Authority Conferred
by 28 U.S.C. § 515

By:    *s/ Amanda J. Klopf*
Amanda J. Klopf
Sarah K. Bogni
Juliet Aldridge
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone:  615-736-5151

39

## CERTIFICATE OF THE SERVICE

I certify that a copy of the was served electronically, via ECF, this 5th day of March, 2023, upon the following:


Ronald W. Chapman II
1441 West Long Lake Road, Ste 310
Troy, Michigan 48098
248-644-6326
rwchapman@chapmanlawgroup.com

Meggan B. Sullivan
3510 Woodmont Blvd.
Nashville, TN 37215
615-457-0449
msullivan@chapmanlawgroup.com


s/Amanda J. Klopf
AMANDA J. KLOPF
Assistant U.S. Attorney