# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERT R. GHEARING,

    Defendant.

Case No. 2:19-cr-00010
District Judge William L. Campbell, Jr.

_____

## DEFENDANT'S RENEWAL OF MOTION FOR JUDGMENT OF ACQUITTAL AND SUPPLEMENTAL MOTION FOR NEW TRIAL

Defendant, Gilbert Ghearing, M.D., ("Dr. Ghearing"), files this Motion to renew his oral motion for acquittal under Rule 29 that he made following the Government's case-in-chief. He also files this Motion seeking to supplement his initial Motion for a New Trial, Doc. 269, in light of the Supreme Court's recent holding in *Ciminelli v. United States*, 2023 U.S. LEXIS 1888 (May 11, 2023). In support thereof, he files the brief below.

                                         Respectfully Submitted,
                                         CHAPMAN LAW GROUP

Dated: June 2, 2023                /s/ *Ronald W. Chapman II*
                                         Ronald W. Chapman II, Esq., LL.M. (P73179)
                                         *Counsel for Defendant Ghearing*
                                         1441 West Long Lake Road, Ste 310
                                         Troy, MI 48098; (T): (248) 644-6326
                                         RWChapman@ChapmanLawGroup.com

# BRIEF IN SUPPORT OF DEFENDANT'S RENEWAL OF MOTION FOR JUDGMENT OF ACQUITTAL AND SUPPLEMENTAL MOTION FOR NEW TRIAL

## I. Renewal of Motion for Judgment of Acquittal

### A. Standard of Review

"A Rule 29 motion is a challenge to the sufficiency of the evidence." *United States v. Graham*, 125 F. App'x 624, 628 (6th Cir. 2005); *United States v. Clay*, 346 F.3d 173, 176 (6th Cir. 2003). Accordingly, the appropriate standard for determining whether to grant such a motion is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Such a standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Under such a standard, the court is not to "weigh the evidence, assess the credibility of the witnesses, or substitute [the court's] judgment for that of the jury." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (internal quotation marks and citation omitted).

### B. Argument

Under this standard, Dr. Ghearing reasserts the sufficiency arguments he orally raised at the close of the Government's case, as well as in his previous motion,

Doc. 269, and respectfully asks the Court to acquit him of the health care fraud (18 U.S.C. § 1347) convictions, while also challenging the sufficiency of the evidence to convict him of unlawful prescribing under 21 U.S.C. § 841(a)(1). Specifically, Dr. Ghearing reraises the § 841(a)(1) sufficiency arguments he made orally at the close of the Government's case-in-chief, and maintains that instead of sufficient evidence, he was found guilty because of the improper deliberate ignorance instruction and the Government's improper use of unindicted patients, including those patients that suffered from overdoses and death. *See Id.*

## II. Supplemental Motion for New Trial

As raised in his initial Motion for a New Trial, to commit health-care fraud, one must "knowingly and willfully execute[], or attempt[] to execute, a scheme or artifice to defraud any health care benefit program" or fraudulently obtain "any of the money or property owned by, or under the custody or control of, any health care benefit program in connection with the delivery of or payment for health care benefits, items, or services." Doc. 269, at 4. (citing *United States v. Persaud*, 866 F.3d 371, 380 (6th Cir. 2017)) (citation omitted). This means that the Government must prove beyond a reasonable doubt that the defendant "(1) knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items or services; (2) executed or

attempted to execute this scheme or artifice to defraud; and (3) acted with intent to defraud." *Id.*

Relevant to whether a defendant "executed or attempted to execute [] [a] scheme or artifice to defraud" is the Supreme Court's recent decision in *Ciminelli v. United States*, 2023 U.S. LEXIS 1888 (May 11, 2023). There, the Court held that the "right-to-control", under which the government can establish federal wire fraud by showing that the defendant schemed to deprive a victim of potentially valuable economic information necessary to make discretionary economic decisions, cannot form the basis for a conviction under the federal fraud statutes because the right to control is not a traditional property interest. *Ciminelli*, LEXIS 1888, at *12-16.

*Ciminelli* confirms that, even if this Court finds Dr. Ghearing misrepresented the propriety of his controlled substance prescriptions, because it was the pharmacies and pharmacists that filled these prescriptions and submitted them for reimbursement, Dr. Ghearing did not deprive TennCare of a "traditional property interest", and therefore he did not commit health care fraud. *Id.* Instead, at worst, Dr. Ghearing deprived TennCare of "potentially valuable economic information" (i.e., whether a prescription was issued lawfully), which given *Ciminelli*, cannot form the basis of a conviction under federal fraud statutes, including health care fraud under 18 U.S.C. § 1347. Indeed, the fact that TennCare had a contract in place with the pharmacies that filled Dr. Ghearing's prescriptions confirms that it was these

pharmacies that took the action of depriving TennCare of their "traditional property interest" in the monies used to reimburse the allegedly unlawful controlled substance prescriptions. *See* Doc. 269, at 8.

### III. Conclusion

For these reasons, Dr. Ghearing respectfully asks this Court to either grant him judgment of acquittal or grant him a new trial.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>CHAPMAN LAW GROUP |
| Dated: June 2, 2023 | /s/ *Ronald W. Chapman II*<br>Ronald W. Chapman II, Esq., LL.M.<br>Michigan Bar No. P73179<br>*Counsel for Defendant Ghearing*<br>1441 West Long Lake Road, Ste 310<br>Troy, MI  48098<br>T: (248) 644-6326<br>RWChapman@ChapmanLawGroup.com |
| Dated: June 2, 2023 | /s/ *Meggan B. Sullivan*<br>Meggan B. Sullivan, Esq.<br>Tennessee Bar No. 33067<br>*Counsel for Defendant Ghearing*<br>424 Church Street, Ste. 2000<br>Nashville, TN  37219<br>T: (615) 457-0449<br>MSullivan@ChapmanLawGroup.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the parties involved.

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
Michigan Bar No. P73179
*Counsel for Defendant Ghearing*
RWChapman@ChapmanLawGroup.com