IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-cr-00010 |
| v. ) | |
| ) | Judge Campbell |
| ) | |
| GILBERT GHEARING ) | |

**MOTION TO STRIKE, OR IN THE ALTERNATIVE DISMISS, DEFENDANT'S RENEWAL OF MOTION FOR JUDGMENT OF ACQUITTAL AND SUPPLEMENTAL MOTION FOR NEW TRIAL**

The United States of America, by and through undersigned counsel, files this motion to strike, or in the alternative dismiss, Defendant Gilbert Ghearing's Renewal of Motion for Judgment of Acquittal and Supplemental Motion for New Trial (hereinafter "the Motion") as untimely filed. More *than two months* after a federal jury returned a split verdict convicting the Defendant of 45 health care fraud, unlawful distribution, and obstruction of justice offenses, (Jury Verdict, DE 260, Page I.D. #2241), the Defendant's counsel has moved to renew his Rule 29 motion for a judgment of acquittal and to supplement his Rule 33 motion for new trial. (Defendant's Motion to Renew and Supplement, DE 276, Page I.D. #2767). The Motion is plainly untimely under Federal Rules of Criminal Procedure 29 and 33 and is not supported by a showing of excusable neglect. Accordingly, the United States respectfully submits that the Motion should be struck from the record, or in the alternative, dismissed.

Factual and Procedural Background

On March 28, 2023, after a trial that exceeded a month, a federal jury returned a split verdict, convicting the Defendant of 45 counts (including health care fraud, unlawful distribution,

1

and obstruction of justice counts) in the superseding indictment. (Jury Verdict, DE 260, Page I.D. #2241). On May 11, 2023, the Defendant filed a timely Motion for a New Trial, pursuant to Federal Rule of Criminal Procedure 33[1], related to his convictions on Counts 1-6, 9-10, 12-14, and 17-26 for health care fraud and Counts 27-33, 35, 43, 45, 46, 48, 50-55, 57-59, and 61 for unlawful distribution. (Motion for New Trial, DE 269, Page I.D. #2506). In accordance with this Court's order, (Order, DE 271, Page I.D. #2545), the United States responded in opposition to the Defendant's motion on June 2, 2023. (Response in Opposition, DE 277, Page I.D. #2773). An hour prior to the filing of the Response by the United States, the Defendant filed the Motion. In it, the Defendant purported to "reassert[] the sufficiency arguments he orally raised at the close of" the government's case, (*id.* at Page I.D. #2769), and to supplement his motion for a new trial with an additional argument based on a recent Supreme Court decision. (*Id.* at Page I.D. #2770 (citing *Ciminelli v. United States*, 143 S. Ct. 1121 (2023)). However, the Defendant did not begin to explain (a) how the Motion satisfied the timeliness requirements of Rules 29 and 33; or (b) how excusable neglect, within the meaning of Federal Rule of Criminal Procedure 45(b).

Legal Analysis

The plain language of Rules 29 and 33 require that a defendant move for a judgment of

---

[1] Defendant's Motion for New Trial was timely because Defendant filed, and this Court granted, a motion for extension of time to file a motion for a new trial. (Motion for Extension of Time to File, DE 265, Page I.D. #2298). On the basis of this motion, the Defendant's time to file a motion for a new trial was extended from April 11, 2023 until May 11, 2023. (*Id.* at Page I.D. #2299); *see* Fed. R. Crim. P. R. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence *must be filed* within 14 days after the verdict or finding of guilty." (emphasis added)). The Defendant's motion for extension of time to file a motion for a new trial *did not* request a corresponding extension of time to file a renewal of a motion for a Rule 29 judgment of acquittal.

2

Case 2:19-cr-00010   Document 278   Filed 06/06/23   Page 2 of 6 PageID #: 2800

acquittal or a new trial within 14 days after a guilty verdict. Fed. R. Crim. P. 29(c)(1); Fed. R. Crim. P. 33(b)(2). Although these time limitations are nonjurisdictional claims processing rules, *Eberhart v. United States*, 546 U.S. 12, 13, 18 (2005) (per curiam), a district court may not ignore the timeliness requirements of Rules 29 and 33 when a party properly objects to a motion's tardiness. *Carlisle v. United States*, 517 U.S. 416, 433 (1996) (concluding that the district court "had no authority to grant" defendant's motion for a judgment of acquittal "filed one day outside of the time limits prescribed by Rule 29(c)); *see also United States v. Taylor*, 2020 WL 4931742, at *1 (N.D. Ohio Aug. 21, 2020) ("A district court generally lacks authority to consider an untimely Rule 33 motion." (citing *Eberhart*, 546 U.S. at 19)).

The Sixth Circuit has followed *Carlisle*'s lead and strictly applied the time limitations set for in Rule 29 and 33—unless a defendant can justify his tardiness through a showing of excusable neglect. *Cf. United States v. Elenniss*, 729 F. App'x 422, 424-25 (6th Cir. 2018).

Here the Defendant made a motion for judgment of acquittal at the close of the Government's proof. The Court denied the motion on several grounds and reserved ruling on the health care fraud counts. After the jury's verdict on March 28, 2023, the Defendant neither renewed his motion nor filed a new motion within the 14-day time limit prescribed by Rule 29. Fed. R. Crim. P. 29(c)(1). Approximately six weeks after the expiration of Rule 29(c)'s 14-day deadline, the Defendant filed the instant untimely Motion without making any showing of excusable neglect. Therefore, the United States respectfully asks the Court to strike the Motion from the record or dismiss it with prejudice.

The Court should reach the same result regarding the Defendant's attempt to supplement his motion for a new trial. Again, the Defendant has raised a new legal argument well after the

3

passage of his deadline for filing a motion for a new trial without any showing of excusable neglect, meaning that the motion to supplement is untimely. While the Defendant may attempt to fend off this inescapable conclusion by arguing that he is merely supplementing an otherwise timely motion, the Sixth Circuit has noted that defendants cannot typically "amend a motion for a new trial to include additional grounds after [Rule 33(b)(2)'s] 14-day limit has expired." *United States v. Benanti*, 2020 WL 13563354, at *2 (6th Cir. July 22, 2020).[2]

Conclusion

For all of the foregoing reasons, the Court should dismiss both the Defendant's Renewed Motion for Judgment of Acquittal and his Supplemental Motion for New Trial.

Respectfully submitted,

THOMAS J. JAWORSKI
Attorney for the United States
Middle District of Tennessee
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: ___*s/ Sarah K. Bogni*___
Sarah K. Bogni
Juliet Aldridge

---

[2] And at any rate, the Defendant's reliance on *Ciminelli* fails on the merits. In *Ciminelli*, the Supreme Court held that the Second Circuit's "right-to-control theory" of fraud—which involves the deprivation of potentially valuable economic information—is not a valid basis for liability under the federal wire fraud statute, 18 U.S.C. § 1343, thereby potentially casting doubt on fraud convictions based on the right to control theory. 143 S. Ct. at 1124. *Ciminelli* is inapplicable to the Defendant's case because the Defendant's health care fraud convictions were not based on a right to control theory of fraud. Indeed, they could not be under binding Sixth Circuit precedent. *United States v. Sadler*, 750 F.3d 585, 590-592 (6th Cir. 2014); *see also* Sixth Circuit Pattern Jury Instruction No. 10.05 (defining a "scheme to defraud" as "any plan . . . by which someone intends to deprive another of money or property by means of false or fraudulent pretenses").

Amanda J. Klopf  
Assistant United States Attorneys  
719 Church Street, Suite 3300  
Nashville, Tennessee 37203  
Telephone:   615-736-5151

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 6, 2023, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

By:    ***s/ Sarah K. Bogni***
Sarah K. Bogni
Assistant United States Attorney
