IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GILBERT R. GHEARING,

        Defendant.

Case No. 2:19-cr-00010
District Judge William L. Campbell, Jr.

**DEFENDANT'S RESPONSE OPPOSING THE UNITED STATES' MOTION TO STRIKE, OR IN THE ALTERNATIVE DISMISS, DEFENDANT'S RENEWAL OF MOTION FOR JUDGMENT OF ACQUITTAL AND SUPPLEMENTAL MOTION FOR NEW TRIAL**

Defendant, Gilbert Ghearing, M.D. ("Dr. Ghearing"), by and through counsel, Ronald W. Chapman II, hereby files this Response Opposing the United States' Motion to Strike, or in the Alternative Dismiss, Defendant's Renewal of Motion for Judgment of Acquittal and Supplemental Motion for New Trial.

**I.    Introduction**

On June May 11, 2023, Dr. Ghearing filed his Motion for a New Trial, Doc. 269, after the Court granted him a continuance for filing. Doc. 267. After filing this motion, on June 2, 2023, Dr. Ghearing filed a Motion of Renewal for Judgment of Acquittal and Supplemental Motion for New Trial. Doc. 276. In that motion, Dr. Ghearing renewed the sufficiency arguments he raised orally at the close of the Government's case, as well as supplementing his Motion for a New Trial in light of the recent opinion in *Ciminelli v. United States*, 2023 U.S. LEXIS 1888 (May 11, 2023). *Id.* In response, the Government filed a Motion to Strike, or in the Alternative Dismiss, Dr. Ghearing's supplemental motion. Doc. 278.

Dr. Ghearing now files this response, opposing the relief sought by the Government.

II.     Argument

The Government argues that Dr. Ghearing's motion renewing his request for acquittal should be denied because he filed it "[a]pproximately six weeks after the expiration of Rule 29(c)'s 14-day deadline, the Defendant filed the instant untimely Motion without making any showing of excusable neglect. Therefore, the United States respectfully asks the Court to strike the Motion from the record or dismiss it with prejudice.". Doc. 278, at 3. The Court, however, reserved its ruling on the sufficiency arguments that Dr. Ghearing orally raised at trial. The Court should therefore permit Dr. Ghearing to renew that motion without re-filing. If the Court disagrees, it should still allow Dr. Ghearing to renew his motion for judgment of acquittal for insufficient evidence under excusable neglect.

The Supreme Court has set forth four factors that a court considers when determining whether a failure to file resulted from excusable neglect. In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), the Supreme Court held that in assessing excusable neglect, courts should consider, 1) the danger of prejudice to the non-moving party; 2) the length of delay and the possible impact on the proceedings; 3) the reason for the delay; and 4) whether the movant was acting in good faith. *Id.* at 395. Ultimately, the determination of whether a neglectful act is excusable becomes "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Here, the Government will not suffer prejudice if the Court allowed Dr. Ghearing to renew his motion for judgment of acquittal. Indeed, the Supreme Court has held that:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all;

> and whose interest, therefore, in a criminal prosecution is not that it
> shall win a case, but that justice shall be done.

*Berger v. United States*, 295 U.S. 78, 88 (1935). Consistent with this holding, Dr. Ghearing knows that the prosecutor in this case is seeking justice (not just a "win"), and accordingly, would not suffer prejudice if the Court in fact acquitted him on charges because the acquittal was in the interest of justice.

As for the last three (3) factors, the length of the delay was reasonable because Dr. Ghearing had a good faith belief that the Court would still consider the merits of his motion for judgment of acquittal given that it reserved its ruling on such.

Regarding Dr. Ghearing's supplemental motion for a new trial, he submits that the Court should consider his additional argument because the decision that he raises, *Ciminelli v. United States*, 2023 U.S. LEXIS 1888 (May 11, 2023), was published on the same day that he filed his initial motion for a new trial. *See* Doc. 269. He therefore required additional time to review the decision, brief it, and raise it before the Court. *See e.g., Davis v. United States*, 2015 U.S. Dist. LEXIS 65557, at *2 (N.D. Ga. May 20, 2015) (allowing movant to supplement his filing given newly published case law). And, in any event, the delay in filing his supplemental motion should also be considered to result from excusable neglect. That is, the Government's steadfast commitment to justice means that it will not suffer prejudice if justice so requires that Dr. Ghearing be awarded a new trial, *Berger*, 295 U.S. at 88, and the delay in filing his supplemental motion for a new trial was reasonable given the Supreme Court decision it rests on, *Ciminelli*, 2023 U.S. LEXIS 1888, was disseminated the same day Dr. Ghearing filed his initial motion for a new trial. *See Pioneer Investment Services Company*, 507 U.S. at 395.

### III. Conclusion

For these reasons, Dr. Ghearing respectfully asks the Court to allow him to renew his motion for judgment of acquittal and supplement his initial motion for a new trial.

                                              Respectfully Submitted,
                                              CHAPMAN LAW GROUP

Dated: June 16, 2023                 /s/ *Ronald W. Chapman II*
                                              Ronald W. Chapman II, Esq., LL.M.
                                              Michigan Bar No. P73179
                                              *Counsel for Defendant Ghearing*
                                              1441 West Long Lake Road, Ste 310
                                              Troy, MI 48098
                                              T: (248) 644-6326
                                              RWChapman@ChapmanLawGroup.com

Dated: June 16, 2023                 /s/ *Meggan B. Sullivan*
                                              Meggan B. Sullivan, Esq.
                                              Tennessee Bar No. 33067
                                              *Counsel for Defendant Ghearing*
                                              424 Church Street, Ste. 2000
                                              Nashville, TN 37219
                                              T: (615) 457-0449
                                              MSullivan@ChapmanLawGroup.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the parties involved.

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
Michigan Bar No. P73179
*Counsel for Defendant Ghearing*
RWChapman@ChapmanLawGroup.com